## STATE OF MINNESOTA *vs.* CHARLES GREAR.

### June 10, 1882.

**Criminal Law — Evidence required to Admit a Confession.** — Under Gen. St. 1878, *c.* 73, § 103, evidence that the offence charged has been committed by some person is all that is required in order that the confession of the defendant may be sufficient to warrant his conviction. It is not necessary that such evidence should be introduced before the confession is received.

**Same—Instruction to Jury not Prejudicial to Defendant.**—A refusal of the trial judge to give a requested instruction considered in connection with the previous charge, and with the remarks of the judge accompanying the refusal, and *held* not to have prejudiced the prisoner, because, even if the refusal was *per se* wrong, the result upon the whole was to give him a chance of acquittal to which he was not entitled.

**Same—Intoxication as a Defence—Burden of Proof.**—When irresponsible drunkenness is relied on as a defence to a criminal charge, the burden of proving it is on the defendant. It is not error to instruct the jury that the defendant must establish such defence " by a fair preponderance of evidence."

Defendant was indicted for an assault, being armed with a dangerous weapon, with intent to do great bodily harm, and was convicted of this offence upon trial in the district court for Hennepin county. Upon appeal to this court, the order of the court below refusing a new trial was reversed. See 28 Minn. 426.

On a second trial before *Lochren*, J., and a jury, the defendant was again convicted, and appeals from an order refusing a new trial. The case is stated in the opinion.

*A. N. Merrick,* for appellant.

The court erred in admitting the confession. *United States* v. *Williams,* 1 Clifford, 5.

The venue not having been proved, the verdict cannot stand. *Bell* v. *State,* 1 Tex. App. 81; *Boston* v. *State,* 5 Tex. App. 383; *Givens* v. *State,* 6 Tex. 344; *Gardenheir* v. *State,* 6 Tex. 348; *Field* v. *State,* 34 Tex. 39; *Ewell* v. *State,* 14 Tenn. 364; *Brunt* v. *Thompson,* 2 Q. B. 789;

*State* v. *Stedman,* 7 Porter,(Ala.) 495; *State* v. *Coy,* 2 Aiken (Vt.) 181; *McBride* v. *State,* 7 Ark. 374; *Com.* v. *Fischblatt,* 4 Met. 354; *State* v. *Jarvis,* 21 Iowa, 44; *State* v. *White,* 41 Iowa, 316; *State* v. *Hardin,* 46 Iowa, 623; *People* v. *Higgins,* 15 Ill. 110; *Perry* v. *State,* 9 Tex. App. 410.

The refusal of the court to charge that the jury might bring in a verdict of assault alone was error. *State* v. *Gillett,* 9 N. W. Rep. 362; Gen. St. 1878, *c.* 114, § 19.

Irresponsibility occasioned by drunkenness having been pleaded as a defence, the court erred in its charge as to the burden and quantum of proof. *Cunningham* v. *State,* 56 Miss. 269; *Brotherton* v. *People,* 75 N. Y. 159; *Guetig* v. *State,* 66 Ind. 94; *State* v. *Crawford,* 11 Kan. 32; *State* v. *Jones,* 50 N. H. 369; *Wright* v. *People,* 4 Neb. 407; *State* v. *Bartlett,* 43 N. H. 224; *Hopps* v. *People,* 31 Ill. 385; *Stevens* v. *State,* 31 Ind. 485; *People* v. *Garbutt,* 17 Mich. 8; *State* v. *Hundley,* 46 Mo. 414; *State* v. *Gut,* 13 Minn. 341; *Bonfanti* v. *State,* 2 Minn. 99, (123;) *State* v. *Hardin,* 46 Iowa, 623.

*Wm. J. Hahn,* Attorney General, for the State.

BERRY, J. 1. Where our statute (Gen. St. 1878, *c.* 73, § 103,) declares that a confession of a defendant is not sufficient to warrant his conviction without evidence that the offence charged has been committed, it does not mean, as the prisoner's counsel appears to have supposed, that the confession is not sufficient without evidence that the *defendant on trial* has committed the offence. Evidence that the offence charged has been committed by *some* person is all that is required. *State* v. *Laliyer,* 4 Minn. 277, (368.) It is not necessary that the evidence mentioned should be introduced before the confession is received. Here, as in general, the order of testimony rests in the discretion of the court. The statute simply provides that the confession shall not be sufficient *without* the other evidence, and not that the confession shall not be received until after such other evidence has been adduced. The indictment charges that the defendant, being armed with a dangerous weapon, to wit, a loaded pistol, assaulted Nellie Grear, with intent to do her great bodily harm. Now, although the evidence, outside of defendant's confession, that the offence charged had been committed would not appear from the paper book to have

been presented in the most workmanlike manner, there certainly was evidence showing that the woman mentioned had been shot in the breast by somebody. There was nothing to raise any suspicion that she had shot herself, nor that she had been shot by accident. There is no evidence of the possession of a pistol by anybody in the house (where the shooting took place) except the prisoner, and on demand he gives it up; and the circumstances in which he gives it up, and his conduct independent of his confession, all tend to show that he was the person who fired the shot charged. There was, therefore, outside of his confession, evidence not only that the offence charged had been committed, but that the defendant committed it.

2. The proof of venue was rather loosely made, but certainly there was evidence going to show that the offence was committed in Hennepin county. Dr. Saulsbury, the surgeon who, immediately after the woman was shot, was called to attend her professionally at the boarding-house where the evidence shows that the shooting took place, testifies that "the boarding-house where I found her was here in Minneapolis." When it was considered, as the bill of exceptions shows, that the trial at which this witness was testifying was then taking place in the city of Minneapolis, in Hennepin county, there can be no doubt that the venue was sufficiently proved by this witness, to say nothing of others. How little merit there is in both of the points which we have considered, viz., that as to proof of the *corpus delicti* and that as to proof of venue, will be still further apparent when it is observed that the principal if not the only defence attempted on the trial, viz., the irresponsible drunkenness of the defendant at the time of the shooting, necessarily proceeded upon the basis that he shot the woman, and in Hennepin county.

3. The defendant requested the court to charge as follows: "If the jury are not satisfied beyond a reasonable doubt that the defendant is guilty of the intent charged in the indictment, but do find him guilty of having committed an assault, they may, under the indictment, find the defendant guilty of an assault only." With reference to this request the court said: "Although this is a case of a kind where, under some circumstances, a person charged with an offence

of this kind might be guilty of an assault, and not be guilty of an assault with the intent charged, I do not think there is any evidence in this case which will warrant you in so finding. The only evidence of an assault in this case is evidence which tends to prove an assault with a pistol for the purpose of doing great bodily harm, or it does not tend to prove anything; and if the defence of drunkeness is made out, so as to render the defendant irresponsible for his acts, it would cover a common assault as well as the other; so I think I shall refuse that request." Upon the subject of intoxication as a defence to a criminal charge, the court had before repeatedly instructed the jury to the effect that if the defendant was at the time of the shooting in such a condition of mind by reason of intoxication that he did not know what he was doing, or whether his acts were right or wrong, then he is irresponsible, and incapable of entertaining a criminal intent, and must be acquitted.

We are by no means prepared to concede the correctness of the general rule thus laid down with respect to the effect of voluntary drunkenness in relieving from criminal responsibility. Certainly no such rule prevailed at common law. See *Com.* v. *Hawkins*, 3 Gray, 463; *People* v. *Rogers*, 18 N. Y. 9; *Hopt* v. *People*, 104 U. S. 631. It is at the same time true that there may be a degree of intoxication which will render a person incapable of entertaining the actual specific intent to do a certain thing which is by statute made a necessary ingredient of certain offences. *State* v. *Garvey*, 11 Minn. 95, (154.) So, also, it may be material for the prisoner to show intoxication where the charge is of murder, and there are different degrees of that crime, according to the defendant's state of mind at the time when the offence is committed. But, without further intimating our impressions upon a question of great practical importance which has not, perhaps, been sufficiently argued in this case to warrant us in expressing more explicit opinions, it is enough, for the purposes of the present appeal, to say that, in view of the general rule given to the jury upon the subject of the effect of intoxication in relieving from responsibility, and the remarks of the court in connection with the refusal to give the requested instruction, it is not possible that the

prisoner could, on the whole, have been prejudiced. In effect the jury were instructed that the evidence, if it tended to show anything, (of which the jury were expressly informed that they were the exclusive judges,) tended to prove the crime charged in the indictment. In other words, that it proved that or nothing; so that the prisoner must be convicted of that or nothing. If the rule given was right, there was no error. If it was wrong, then the prisoner could have suffered no legal prejudice, since, if the jury found the evidence sufficient, it was their duty to convict of the offence charged; and if they did not find it sufficient for that purpose, then they were in effect instructed to acquit. If this was wrong, (as we are inclined to think it was,) it gave the prisoner a chance of acquittal to which he was not entitled, and of this he cannot complain. *People* v. *Rogers,* 18 N. Y. 9.

4. The court instructed the jury that if irresponsible drunkenness is relied on as a defence to the indictment, the burden of proving such drunkenness is on the defendant, and he must establish it by a fair preponderance of evidence. As to the matter involved in this instruction, there is no little conflict of opinion. By some courts and writers it is maintained that the burden of proof always remains with the prosecution, and hence that, where insanity or drunkenness is set up in defence, and evidence offered to sustain the same, sanity or the non-existence of the drunkenness must appear beyond a reasonable doubt. But the rule which has been laid down and acted upon in this state is otherwise, and in accordance with the instruction which which we are considering. *Bonfanti* v. *State,* 2 Minn. 99, (123;) *State* v. *Gut,* 13 Minn. 341. From this rule we have no desire to depart. We regard it as sound, and it is supported by adjudications of the highest authority. *Com.* v. *Eddy,* 7 Gray, 583; *People* v. *Bell,* 49 Cal. 485; *Pannell* v. *Commonwealth,* 86 Pa. St. 260; *State* v. *Smith,* 53 Mo. 267; *State* v. *Bruce,* 48 Iowa, 530; *Bond* v. *State,* 23 Ohio St. 349; *State* v. *Lawrence,* 57 Me. 574; *McNaghten's Case,* 10 Cl. & Fin. 200; *Reg.* v. *Layton,* 4 Cox, C. C. 149. The expression "fair preponderance of evidence" is unobjectionable. *Pannell* v. *Commonwealth, supra.* It means no more than that the evidence spoken of must *fairly* preponderate; that is, it must preponderate so

v.29—15

that the preponderance can be perceived upon fair consideration of the evidence.

This disposes, we believe, of the substance of the defendant's case as presented to us, and the result is that the order denying a new trial is affirmed.