RICHARD SWINFIN *vs.* GEORGE B. LOWRY and others.

August 11, 1887.

**Assault by Intoxicated Minor—Liability of Persons who furnished him Liquor—Remoteness of Damages.**—A minor person of the age of 18 years, upon invitation, drank intoxicating liquors with defendants and their friends at divers saloons several times during the same evening. Some of the liquor so drunk was ordered and paid for by the defendants. He became intoxicated and quarrelsome, and committed an assault upon plaintiff, resulting in serious injury to him. He was not incited thereto by the defendants, and it was his own voluntary act. In an action against them by the plaintiff for damages on the ground that the assault was the result of their acts in furnishing the liquor supplied to the

minor, *held*, that the damages were too remote, and were not to be deemed the natural and proximate result of the alleged wrongful acts of the defendants.

Appeal by defendants from an order of the district court for Otter Tail county, *Collins*, J., presiding, refusing a new trial, after a verdict of $750 for plaintiff.

*Clapp, Woodard & Cowie*, for appellants.

*Rawson & Houpt*, for respondent.

VANDERBURGH, J.[1]  The evidence in the case tends to show that one Chamberlain, a minor of the age of 18 years, upon the evening in question drank intoxicating liquors at several saloons in the city of Fergus Falls, in company with the defendants and others, a portion of which was paid for by the defendants, and that he was permitted or invited to drink, as others of the company were; that he became intoxicated, and thereafter followed or came with some members of the party, including the defendants, to the Grand Hotel, at which he was then boarding, and where the plaintiff was employed as night-clerk; and that, becoming quarrelsome, he assaulted plaintiff with a knife, who knocked him down, and in doing so severely injured his hand.

This action is brought for damages resulting from the injuries thus sustained, and the claim is rested solely upon the proposition that the defendants are liable for the consequences of the intoxication of Chamberlain, including the assault, and the injury suffered by plaintiff, if the liquor he drank during the evening was furnished in whole or in part by them.   But it does not appear that Chamberlain was under the control or influence of the defendants when the assault was committed.   He was acting voluntarily, and came there of his own accord; and, for aught that appears, he was legally and morally responsible for his acts.   *State* v. *Grear*, 29 Minn. 221, (13 N. W. Rep. 140.)   There is no evidence that the defendants incited or in any way aided or encouraged the assault.   They were no more responsible than if he had gone out and committed trespasses to persons or property in other parts of the city.   We think the damages claimed too remote.   The assault must be considered as the voluntary and

[1]Berry, J., because of illness, took no part in this case.

wrongful act of Chamberlain, and was not so related to the fact that he drank intoxicating liquors with the defendants, or at their expense, as to be considered the natural and proximate result. *Lowery* v. *Western Union Tel. Co.*, 60 N. Y. 198, 203; *Olmsted* v. *Brown*, 12 Barb. 657–663; *Beach* v. *Ranney*, 2 Hill, 309, 314; *Nelson* v. *Chic.,Mil. & St. Paul Ry. Co.*, 30 Minn. 74, (14 N. W. Rep. 360.)

The case is clearly to be distinguished from *Dunlap* v. *Wagner*, 85 Ind. 529, where an unlicensed liquor seller made one Dunlap helplessly drunk, and, while the latter was in that condition and wholly incapable of managing a team, placed him in a sleigh, in charge of the horses, and started them homeward, so that, for want of control, they ran away and caused the injury complained of; and also from other cases arising under special statutes allowing actions for damages against liquor sellers for injuries caused by persons while intoxicated to whom they have sold intoxicating liquors.

Order reversed.