Anthony CREA, Respondent,

v.

Sally BLY et al., Respondents,

Skarda's Liquors, Defendant,

Mancini's Bar and Liquors, Appellant.

No. 49873.

Supreme Court of Minnesota.

Oct. 10, 1980.

Dean K. Johnson and Michael C. Lindberg, Bloomington, for appellant.

Dudley & Smith, Terence Durkin, and Dean D. Larsen, St. Paul, for Crea.

Patrick R. Sweeney, St. Paul, for Bly et al.

Heard before OTIS, YETKA, and SCOTT, JJ., and considered and decided by the court en banc.

OTIS, Justice.

By special verdicts the jury below found that on January 2, 1977, Mark Montanari made an unprovoked attack on Anthony Crea in a parking lot adjacent to Mancini's Bar, West St. Paul; that Montanari was aided, abetted, instructed or encouraged by Sally Bly to make the attack; that Crea did not provoke the attack; that Mancini's Bar did not serve liquor to Montanari when he was obviously intoxicated; that Mancini's Bar did serve liquor to Sally Bly when she was obviously intoxicated and therefore contributed to her intoxication; that the intoxication of Bly caused plaintiff Crea's damages; that Crea was entitled to $20,000 compensatory damages and $5,000 punitive damages; and that as between Montanari and Bly, each contributed 50% to the altercation.

The trial court held that Bly, Montanari and Mancini's Bar were each liable to Crea for 33⅓% of the damages. We affirm as to Montanari and Bly and reverse as to Mancini's Bar, and hold as a matter of law that there was a break in the chain of causation between Mancini's contributing to Bly's intoxication and the injuries inflicted on Crea by Montanari. While the duties of dram shops to the public are and should be onerous, they do not extend to anticipating and protecting the public from the excesses of third parties beguiled into committing assaults on innocent victims by the importuning of intoxicated female patrons.

Reversed.

TODD, J., took no part in the consideration or decision of this case.

AMDAHL and SIMONETT, JJ., not having been members of this court at the time of argument and submission, took no part in the consideration or decision of this case.