Ramon FLORES, Appellant,

v.

STATE OF MINNESOTA, Appellee.

No. 89–5281.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1990.

Decided July 5, 1990.

Heidi H. Crissey, Stillwater, Minn., for appellant.

Marcy S. Crain, Anoka, Minn., for appellee.

Before LAY, Chief Judge, and WOLLMAN, Circuit Judge, and STUART,* Senior District Judge.

LAY, Chief Judge.

Ramon Flores was convicted in state court for the first degree murder of Kalen Walter Ortenblad on July 30, 1986 in Ham Lake, Minnesota. He was sentenced to life imprisonment, and the Minnesota Supreme Court affirmed his conviction. *State v. Flores*, 418 N.W.2d 150 (Minn.1988). He thereafter filed a petition for a writ of habeas corpus before the federal district court.[1] The court denied the writ and this appeal followed. We affirm.

\* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable Harry H. MacLaughlin, United States District Court for the District of Minnesota.

## BACKGROUND

On July 30, 1986, Flores arrived at his girlfriend's home after work and immediately began drinking beer. Witnesses who lived in the house said he continued drinking beer throughout the evening and became drunk. At about 6:00 p.m., Flores had an angry confrontation with his girlfriend's son, Kalen Ortenblad, who was home on leave from the Navy. Flores threatened to harm Kalen's friends because he thought they had stolen tools from the house. Kalen left, but returned around 10:00. Upon encountering him in the hallway, Flores again cursed Kalen about his friends. Kalen went into his room. As he left his room and headed in the direction of the door, Flores met him and shot him four times.

## DISCUSSION

In his habeas petition, Flores argues that he was denied due process because (1) the jury instructions on premeditation and intoxication were improper; (2) the evidence was insufficient to establish premeditation or motive; and (3) the trial court made erroneous evidentiary rulings.[2]

### 1. *Jury Instructions*

Flores challenges two jury instructions. First, he claims that the court departed from the standard Minnesota instruction defining premeditation in order to give one that included the statements: "Premeditation may be formed at anytime [sic], moment, or instant before the killing. Premeditation means thought of beforehand for any length of time, no matter how short." Tr. 931. Flores asserts this instruction denied him due process by emphasizing the short length of time in which premeditation could be formed.

The instruction is derived directly from two Minnesota Supreme Court cases. *See State v. Marsyla*, 269 N.W.2d 2 (Minn.

2. The Minnesota Supreme Court did not address these claims in terms of due process. However, the state does not assert the failure to exhaust these claims as a procedural default. The magistrate found that the due process claims were raised in Flores's state court briefs, so to the extent necessary, we briefly address them.

1978); *State v. Prolow*, 98 Minn. 459, 108 N.W. 873 (1906). We find no constitutional error here.[3] *Cf. Berrisford v. Wood*, 826 F.2d 747, 752 (8th Cir.1987) (instruction that misstates state law not cognizable basis for habeas review unless "the error constitutes a fundamental defect that resulted in a complete miscarriage of justice"), *cert. denied*, 484 U.S. 1016, 108 S.Ct. 722, 98 L.Ed.2d 671 (1988).

The second instruction challenged by Flores reads as follows:

> It is not a defense to a crime that a Defendant was intoxicated at the time of his act * * *. But where, as in this case, an element of the crime requires proof that the Defendant had a particular intent or a particular state of mind, then you should consider whether the Defendant was intoxicated and, if so, whether he was capable of forming the required intent or state of mind.
>
>      \*     \*     \*     \*     \*     \*
>
> There is no presumption that a Defendant who has been drinking is incapable of formulating the intent to commit a crime. Defendant has the burden of establishing by the greater weight of the evidence that he was too intoxicated to have the intent to kill or premeditate.
>
>      \*     \*     \*     \*     \*     \*
>
> However, you must keep in mind that the State must prove beyond a reasonable doubt that the Defendant had the required intent.

Tr. 936–37.

■ Flores argues this instruction impermissibly relieved the state of its burden to "pro[ve] beyond a reasonable doubt * * * every fact necessary to constitute the crime with which he [was] charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). He argues that the instruction created a presumption that he was capable of premeditation even if intoxicated, thereby indicating the state did not need to prove premeditation.

The instruction, however, cannot be read to create an unconstitutional presumption of premeditation. The instruction states that there is "*no* presumption" an intoxicated person was "*in* capable" of premeditation. (emphasis added). The double negative here does not create a positive. The instruction simply tells the jury not to rule out the possibility of premeditation merely because Flores had been drinking; they should still consider whether or not he was capable of premeditation, and whether he in fact premeditated the killing.

■ Flores also challenges the statement in the instruction that the defendant has the burden to prove by a preponderance of the evidence that he was too intoxicated to form premeditation. The instruction also suggests that the state has the burden to prove intent beyond a reasonable doubt. It therefore appears to create some confusion about whether the state has the burden to prove premeditation, or whether the defendant has the burden to prove the absence of premeditation due to intoxication.

To resolve this issue, we begin by noting that intoxication has long been an affirmative defense in Minnesota, and the burden of proof always has been placed on the defendant. *See State v. Wahlberg*, 296 N.W.2d 408, 418 (Minn.1980); *State v. Corrivau*, 93 Minn. 38, 44, 100 N.W. 638, 640–41 (1904); *State v. Grear*, 29 Minn. 221, 13 N.W. 140, 142 (1882); *cf.* Minn.Stat.Ann. § 609.075 (1988) (evidence of intoxication admissible on issue of intent). The Minnesota Supreme Court upheld the constitutionality of this affirmative defense in *State v. Wahlberg*, 296 N.W.2d at 419.

We have held that an identical rule in Iowa did not violate due process. *See Long v. Brewer*, 667 F.2d 742, 746–47 (8th Cir.), *cert. denied*, 459 U.S. 883, 103 S.Ct. 189, 74 L.Ed.2d 153 (1982). Although we expressed some difficulty distinguishing the Supreme Court's decisions in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975), and *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), we interpreted these cases to allow placing the burden on the defendant to prove intoxication by a preponderance of the evidence.

---

**3.** Flores does not argue that Minnesota law on premeditation is itself unconstitutional.

Subsequent to *Long v. Brewer* the Supreme Court decided *Martin v. Ohio*, 480 U.S. 228, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987). In *Martin* the Court clarified that the states may shift to the defendant the burden to prove even those affirmative defenses that directly negate an element of the crime which the state must prove. The defendant in *Martin* was charged with aggravated murder, defined as purposeful killing "with prior calculation and design." *Id.* at 230, 107 S.Ct. at 1100. She claimed she acted in self-defense, which required her to prove by a preponderance of the evidence that, among other things, she had an honest belief she was in imminent danger, and she was not at fault for creating the danger. The Court acknowledged that in many situations the defendant's claim of imminent danger would directly contradict the state's proof of prior calculation and design. The Court nevertheless held that the statute did not unconstitutionally relieve the state of its burden to prove every element of the crime beyond a reasonable doubt. The jury was allowed to consider all the evidence going to the defendant's prior calculation and design, including the evidence she introduced to prove self-defense. The jury could have found the defendant not guilty if her evidence (1) raised a reasonable doubt about her prior calculation and design, or (2) established by a preponderance of the evidence that she acted out of self-defense. Although the first would require less proof by the defendant than the second, the Court held that the instructions overall were not confusing to the jury. *Id.* at 233–34, 107 S.Ct. at 1101–02.

The Court's analysis in *Martin* applies directly to this case. Here, as in *Martin*, proof of the affirmative defense seemingly negates one of the elements of the crime. While the state must prove premeditation beyond a reasonable doubt, the defendant may prove by a preponderance of the evidence that he was too intoxicated to form premeditation. Thus, the jury may acquit if the defendant's evidence either (1) raises a reasonable doubt about premeditation, or (2) establishes by a preponderance that he was too intoxicated to form the intent required for premeditated murder. *Martin* teaches that so long as the jury is instructed to consider all of the evidence of premeditation and intoxication, this situation creates no constitutional violation. The instructions in this case explicitly charged the jury to consider the evidence of intoxication in relation to the defendant's intent. According to *Martin* we must therefore find no due process violation.[4]

### 2. *Sufficiency of the Evidence*

■ Flores argues that the evidence was insufficient to find premeditation because he was too intoxicated to have the requisite intent for first degree murder. We con-

---

4. There is little to be gained here from re-examining the difficulties found by courts and commentators in reconciling *Mullaney* and *Patterson*. In *Mullaney* the Court held it constitutional error for the State of Maine to require a defendant to prove by a preponderance of the evidence that the homicide occurred in the heat of passion. In *Patterson* the Court refused to apply this holding to a New York murder statute that required a defendant to prove by a preponderance of the evidence the affirmative defense of extreme emotional disturbance. Justice Powell's dissent in *Patterson,* which was the basis of his dissent in *Martin v. Ohio,* points out the perplexing difficulties in reconciling the two holdings. A simpler approach is achieved by reading *Mullaney*'s holding in the narrow terms articulated by Justice White in *Patterson.* He wrote:

> *Mullaney* surely held that a State must prove every ingredient of an offense beyond a reasonable doubt, and that it may not shift the burden of proof to the defendant by presuming that ingredient upon proof of the other elements of the offense. This is true even though the State's practice, as in Maine, had been traditionally to the contrary. Such shifting of the burden of persuasion with respect to a fact which the State deems so important that it must be either proved or presumed is impermissible under the Due Process Clause.
>
> *It was unnecessary to go further in Mullaney.*

432 U.S. at 215, 97 S.Ct. at 2329 (emphasis added).

In *Mullaney* the jury was told that malice aforethought could be presumed by evidence that the defendant intentionally killed another. In this case, Minnesota did not presume the existence of premeditation; it placed the burden on the state to prove premeditation beyond a reasonable doubt, but allowed the defendant to disprove premeditation by a preponderance of the evidence showing intoxication.

clude the evidence was sufficient for a jury to find premeditation.

Although he had been drinking, the evidence showed Flores was able to drive an automobile after the shooting, and he had the presence of mind to dispose of the murder weapon. The Minnesota Supreme Court carefully compared the evidence of premeditation in this case with several other Minnesota cases. *State v. Flores,* 418 N.W.2d at 157–58. We see no reason to disturb this analysis of state law.

### 3. *Evidentiary Rulings*

 Flores challenges three evidentiary rulings. The proper admission of evidence in a state court is a matter of state law. We will grant habeas relief only if the ruling violated a specific constitutional provision or was so grossly prejudicial as to violate due process. *Berrisford v. Wood,* 826 F.2d at 749. Flores's claims fall considerably short of this mark.

First, Flores attacks the trial court's refusal to admit an expert's estimate of Flores's blood alcohol concentration at the time of his arrest several hours after the killing. The Minnesota Supreme Court affirmed the trial court's ruling because there was no way to determine how much Flores had drunk after he shot Kalen. In addition, the Court found little relevancy in the evidence because the expert was allowed to testify as to his estimate of Flores's blood alcohol concentration at the time of the shooting. 418 N.W.2d at 158. We find no constitutional prejudice in these reasonable conclusions.

Flores next challenges the trial court's admission of his hearsay statement threatening to harm Kalen's friends. The Minnesota Supreme Court carefully reviewed the relevancy of this evidence for showing motive or intent, and its potential prejudice. The Court found no abuse of discretion, and we find no constitutional prejudice. 418 N.W.2d at 159.

The last evidentiary challenge relates to the trial court's admission of a gun that experts determined to be of the same make and caliber as Flores's gun, although the actual murder weapon was not recovered. The Minnesota Supreme Court found that the jury was told the gun was not the actual murder weapon, but only a similar gun brought in for demonstrative purposes. The Court found admission of this evidence was in the sound discretion of the trial court. 418 N.W.2d at 160. Again, we find no constitutional prejudice.

We affirm the order of the district court.