Dale KRYZER, individually and dba Kryzer & Sons Custom Home Painting, now known as Kryzer & Sons Custom Home Painters, Inc., and as parent and natural guardian of Jamie Kryzer, Dale Kryzer, Jr. and Jessie Kryzer, Appellant,

v.

CHAMPLIN AMERICAN LEGION
NO. 600, Respondent.

No. C5–91–1396.

Court of Appeals of Minnesota.

Feb. 11, 1992.

Review Granted April 7, 1992.

James S. Ballentine, T. Joseph Crumley, Schwebel, Goetz & Sieben, P.A., Minneapolis, for appellant.

Steven E. Tomsche, Foster, Waldeck, Lind & Gries, Ltd., Minneapolis, for respondent.

Considered and decided by RANDALL, P.J., and NORTON and AMUNDSON, JJ.

## OPINION

AMUNDSON, Judge.

Appellant Dale Kryzer challenges the dismissal of his dram shop action for failure to state a claim upon which relief can be granted. Minn.R.Civ.P. 12.02(e). Kryz-er's intoxicated wife was injured when she was forcibly removed from respondent Champlin American Legion's premises by a bouncer. The trial court dismissed the action, concluding the connection between the intoxication and the injury was too remote to find that the illegal sale and the wife's intoxication directly contributed to appellant's injuries. We disagree and reverse.

## FACTS

Appellant Dale Kryzer's wife (wife) was a patron of respondent Champlin American Legion No. 600 (Legion) on December 18, 1988. Wife was served intoxicating beverages at the Legion and was later forcibly removed by a Legion bouncer. During the removal, she allegedly injured her wrist. Appellant commenced this dram shop action seeking to recover for loss of services, support, companionship and employment.

The trial court assumed, and we assume for purposes of this opinion, the following facts are true: (1) there was an illegal sale of alcohol to wife; (2) the illegal sale contributed to wife's intoxication; (3) wife was removed from the Legion because of her intoxication; and (4) wife sustained injuries from the removal.

Based on these facts, the trial court concluded there was no cause of action under the Dram Shop Act, Minn.Stat. § 340A.801, subd. 1 (1988), and dismissed appellant's action for failure to state a claim upon which relief can be granted. This appeal followed.

## ISSUE

Did the trial court err in concluding an intoxicated person's spouse and children may not bring a dram shop action under Minn.Stat. § 340A.801, subd. 1 against a liquor vendor where the liquor vendor's employee forcibly removes and injures the intoxicated person?

## ANALYSIS

■ In reviewing cases which were dismissed for failure to state a claim upon which relief can be granted the only question before the reviewing court is whether

the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety,* 298 N.W.2d 29, 32 (Minn. 1980). It is immaterial whether or not appellant can prove the facts alleged. *Id.* A claim is sufficient against a motion to dismiss if it is possible on any evidence which might be produced, consistent with the pleader's theory, to grant the relief demanded. *Northern States Power Co. v. Franklin,* 265 Minn. 391, 395, 122 N.W.2d 26, 29 (1963).

The Dram Shop Act provides:

A spouse, child, parent, guardian, employer, or other person injured in person, property, or means of support, or who incurs other pecuniary loss by an intoxicated person or by the intoxication of another person, has a right of action in the person's own name for all damages sustained against a person who caused the intoxication of that person by illegally selling alcoholic beverages.

Minn.Stat. § 340A.801, subd. 1 (1988).

In the 19th century, English tavern patrons would often order drinks by the "dram," which was a unit of measurement. Consequently, English taverns were referred to as "dram shops." The dram shop has been condemned as a source of "crime and misery to society." *Crowley v. Christensen,* 137 U.S. 86, 91, 11 S.Ct. 13, 15, 34 L.Ed. 620 (1890). From early English legislation to the present time, statutes in various forms have been enacted to suppress the evils of the use and abuse of inebriating liquors.

At common law, a person injured by an intoxicated individual had no cause of action against an establishment that furnished alcoholic beverages to the intoxicated person. Courts reasoned that the consumption of liquor, rather than its sale, proximately caused the injuries; the mere

transfer of the liquor was too "remote" to be the proximate cause. *Swinfin v. Lowry,* 37 Minn. 345, 346–47, 34 N.W. 22, 22 (1887); *see Beck v. Groe,* 245 Minn. 28, 34, 70 N.W.2d 886, 891 (1955).

The rigid common law rule began to erode around the turn of the century. Pressure from the national temperance movement resulted in the ratification of the eighteenth amendment to the United States Constitution prohibiting the sale of intoxicating liquor. However, prior to the ratification of the eighteenth amendment, temperance forces were pressing for "dram shop acts" to express their displeasure of the liquor traffic and "the evils * * * of intoxicating liquors." Ogilvie, *History and Appraisal of the Illinois Dram Shop Act,* U.Ill.L.F. 175, 176–77 (1958).

 Minnesota's Dram Shop Act was enacted in 1911. 1911 Minn. Laws ch. 175.[1] Prior to the adoption of this statute, a person injured by another's intoxication had no cause of action against the party furnishing the intoxicants. *See Strand v. Village of Watson,* 245 Minn. 414, 419, 72 N.W.2d 609, 614 (1955). Since the passage of the Dram Shop Act, a well-established line of Minnesota authority has imposed liability on the purveyor of intoxicating beverages in certain situations. The determination of whether a particular liquor sale imposes dram shop liability involves a four-step analysis: (1) Was the sale in violation of a provision of the Act?; (2) If so, was the violation substantially related to the purposes sought to be achieved by the Act? If yes, the violation is an "illegal sale" under the Act; (3) Was the illegal sale a cause of the intoxication?; and (4) If so, was the intoxication a cause of the plaintiff's injuries? *Rambaum v. Swisher,* 435 N.W.2d 19, 21 (Minn.1989).

1. Section 1 of Minnesota's Dram Shop Act as originally set forth provided:

Every husband, wife, child, parent, guardian, employer, or other person, who shall be injured in person or property, or means of support, by any intoxicated person or by the intoxication of any person, shall have a right of action, in his or her own name, against any person who shall by illegally selling, barter-

ing, or giving intoxicating liquors, have caused the intoxication of such person, for all damages sustained; and all damages recovered by a minor under this act shall be paid either to such minor or to his or her parent, guardian, or next friend, as the court shall direct; and all suits for damages under this act shall be by civil action in any of the courts of this state having jurisdiction thereof.

We assume for purposes of this opinion that steps one, two and three have been met. Thus our analysis focuses on step four—was wife's intoxication a cause of appellant's injuries? The trial court concluded there was no cause of action under the Dram Shop Act because the "connection" between the intoxication and the injury was "too remote." The court determined the facts do not support the theory that wife's intoxication directly contributed to her injuries or those of appellant.[2]

The Minnesota Dram Shop Act provides that liability will be imposed only if the injury is caused "by an intoxicated person or by the intoxication of another person." Minn.Stat. § 340A.801, subd. 1. The statute does not, however, describe what the causal connection between the intoxication and the injury must be to create liability under the Act.

Respondent asserts that in all dram shop actions, the intoxicated person injures the plaintiff, i.e., an intoxicated driver injures a member of the plaintiff's family. In contrast, in this case the person who allegedly inflicted the injury is not the intoxicated person, but rather the Legion bouncer. Thus the Legion contends appellant cannot show his injuries were caused by his wife's intoxication. Rather the Legion argues appellant's damages were caused by the bouncer's act of removing appellant's wife.

We recognize in the typical dram shop case, the injury is alleged to have been inflicted by the intoxicated person. This is not always the case, however. In *Jones v. Fisher*, 309 N.W.2d 726 (Minn.1981), a negligent motorist struck and killed an intoxicated pedestrian who had been served alcohol at several bars. The decedent's spouse brought a dram shop action against the bars where the decedent had been served. The Supreme Court stated the decedent's spouse is "an innocent third party to whom the protections of the Dram Shop Act * * * apply." *Id.* at 729.

The critical issue in *Jones* dealt with the right of contribution among cotortfeasors liable under the Wrongful Death Act and the Dram Shop Act. The supreme court did not explain its holding that a decedent's spouse could maintain a dram shop action, even though the court had never dealt with a situation where the injury was inflicted by someone other than the intoxicated person. Neither the supreme court nor this court has addressed a similar dram shop issue since *Jones*.

Although we find the holding in *Jones* somewhat persuasive, the facts in that case are distinguishable from the facts in this case. In *Jones*, the decedent's death was due to his negligence as a pedestrian. Thus the decedent's intoxication was a direct cause of his death. In the case before us there is no allegation the wife's negligence caused her injury. Her only affirmative injury-causing act was the consumption of alcohol. Therefore the causation issues are not similar and we find it necessary to discuss our independent basis as to why appellant's action is contemplated by the Dram Shop Act.

We find it very foreseeable that a patron might be injured when removed from a bar due to his or her intoxication. Therefore the issue of whether the Dram Shop Act applies in such cases takes on added importance. Our discussion focuses on whether there is a sufficient causal connection between wife's intoxication and appellant's injuries.

Many problems of statutory interpretation have arisen in connection with dram shop legislation, and the courts have often looked to the purposes of the act in resolving legislation before them. It is generally agreed that the purposes of the Dram Shop Act are (a) to protect the health, safety and welfare of the public through careful regulation of the distribution of liquor; (b) to penalize dram shops for the illegal sale of liquor; and (c) to provide a remedy for innocent third parties injured as a result of another's intoxication. *See Adamson v. Dougherty*, 248 Minn. 535, 540–42, 81 N.W.2d 110, 114–115 (1957); *Bushland v. Corner Pocket Billiard Lounge*, 462 N.W.2d 615, 616 (Minn.App. 1990).

**2.** The trial court noted the facts would sufficiently support a cause of action in tort.

■ The Supreme Court has stated the Dram Shop Act is both remedial and penal in nature. *Herrly v. Muzik*, 374 N.W.2d 275, 278 (Minn.1985). Remedial statutes are to be liberally construed. *Harrison v. Schafer Constr. Co.*, 257 N.W.2d 336 (Minn.1977). Conversely, penal statutes are to be narrowly or strictly construed. *State v. Moseng*, 254 Minn. 263, 268, 95 N.W.2d 6, 11 (1959). The Supreme Court has, at times, construed the Dram Shop Act liberally to suppress mischief and provide a remedy, but at other times, it has construed the Act narrowly, focusing only on its penal characteristics. The court, however, has repeatedly stated the Act is intended solely to protect "innocent third persons." *See, e.g., Herrly*, 374 N.W.2d at 278 (quoting *Turk v. Long Branch Saloon*, 280 Minn. 438, 442, 159 N.W.2d 903, 905 (1968)).

The inconsistency in characterizing the Dram Shop Act is more apparent than real, and probably has been due to the nature of the issue before the court. *See Village of Brooten v. Cudahy Packing Co.*, 291 F.2d 284, 292 (8th Cir.1961). The Supreme Court appears to essentially treat the Dram Shop Act as remedial despite its penal characteristics, and has been willing to construe the Act strictly or liberally to allow the plaintiff to recover. We view the Dram Shop Act as primarily compensatory in nature. Accordingly we construe the Act liberally to achieve its remedial objectives. Our liberal construction, however, is not without limitation. Since the Act is also penal and introduces a remedy unknown to the common law, we cannot enlarge the act beyond its definite scope. *See Herrly*, 374 N.W.2d at 278.

■ Appellant must establish a causal connection between the Legion's actions and his injury. We assume there was an illegal sale contributing to wife's intoxication. Thus appellant must show only that his wife's intoxication contributed to cause his injury. *See Hollerich v. City of*

*Good Thunder*, 340 N.W.2d 665, 668 (Minn. 1983). The Supreme Court has not articulated a standard for establishing the connection between the intoxication and the injury.

Although Minnesota courts sometimes speak in terms of "proximate" causation, this term is somewhat misleading in the context of the Dram Shop Act. The impetus behind the dram shop legislation was to circumvent the common law rule that furnishing liquor is not the proximate cause of injuries inflicted by an intoxicated person. Therefore, the requisite standard must be something less than common law proximate causation.

In *Crea v. Bly*, 298 N.W.2d 66, 66 (Minn. 1980), the Supreme Court determined there was no dram shop liability where a bar served liquor to an obviously intoxicated person who encouraged a third person to assault the plaintiff. The court determined there was a break in the chain of causation between the bar's contribution to the person's intoxication and the injuries inflicted by the third person on the plaintiff. *Id.* This ruling demonstrates that the connection between the intoxication and the injuring act must be extremely tenuous for the court to rule causation is lacking.

For the most part, the supreme court has left the question of causation to the jury. Very few cases exist where the court has held, as a matter of law, that the causal link between the defendant's actions and the plaintiff's injuries is insufficient. This position represents a departure from the common law rule expressed in *Swinfin*, 37 Minn. at 347, 34 N.W. at 23, that, as a matter of law, furnishing liquor is not the proximate cause of injuries inflicted by an intoxicated person. Whatever its rationale, *Swinfin* can no longer be considered controlling on the question of causation.[3] Since *Swinfin* was decided, a long line of Minnesota authority has imposed a common law duty upon liquor vendors to exercise reasonable care to protect patrons

---

3. *Swinfin* may also be distinguished from the typical case on the basis of duty. The defendants in *Swinfin* were friends of the intoxicated person, not commercial liquor vendors. The court may have been reluctant to impose upon the defendants the same duty imposed on vendors.

from drunken assaults. *See, e.g., Klingbeil v. Truesdell*, 256 Minn. 360, 362–63, 98 N.W.2d 134, 137–38 (1959). Therefore, the causation element is quite favorable to plaintiffs in dram shop actions.

■ We find the causation requirement has been met in this case. Under the *Rambaum v. Swisher* test, wife's intoxication was a cause of appellant's injuries. It is clear that but for wife's intoxication, she would not have been removed from the bar; and but for her removal from the bar, wife would not have been injured. Therefore appellant was injured "by the intoxication of another person" which comes within the clear purview of the Dram Shop Act. *See* Minn.Stat. § 340A.801, subd. 1. Unlike *Crea*, there was no break in the chain of causation between the bar's contribution to wife's intoxication and the injuries inflicted on wife and subsequently on appellant. Thus, the trial court erred in determining the connection between wife's intoxication was too remote to be a cause of appellant's injuries. Accordingly, appellant's action should not have been dismissed for failure to state a claim upon which relief can be granted.

Our interpretation of the Dram Shop Act allows an injury to come within the Act when the intoxicated person commits no affirmative injury-causing act other than the consumption of liquor. We recognize this may open the door to more plaintiffs to pursue dram shop actions. However, we do not imply that holding the dram shop liable excuses the actions of the intoxicated person. Nonetheless, if a dram shop illegally serves alcohol and causes a person to be intoxicated, and places the intoxicated person in a situation where he or she is likely to cause injuries to others, the dram shop should be held liable. A dram shop which benefits from the sale of alcohol should also be burdened by the illegal sale of alcohol.

We believe the recognition of appellant's claim will provide justice to innocent third parties whose injuries are caused by the unlawful sale of alcohol, will strengthen and give greater force to the statutory precautions against such sales, and will not place any unjustifiable burden upon defendants who can always discharge their civic responsibilities by the exercise of due care.

## DECISION

An intoxicated person's spouse and children may bring a dram shop action under Minn.Stat. § 340A.801, subd. 1 against a liquor vendor where the liquor vendor's employee forcibly removes and injures the intoxicated person. Therefore the trial court erred in dismissing appellant's action for failure to state a claim upon which relief can be granted.

Reversed.