STATE OF MINNESOTA *vs.* JOHN TOSNEY.

November 25, 1879.

City Charters—Proof of Acceptance—Legislative Recognition—Judicial Notice. Where the charter, or the amendment to a charter, of a municipal corporation provides that it shall be submitted to a vote of the electors, and go into effect if there be a majority in its favor, a subsequent act of the legislature recognizing the charter as in force proves, *prima facie*, the acceptance of the charter or amendment. Courts take judicial notice of acts of the legislature creating municipal corporations.

Proof of Place of Commission of Offence—Waiver by Defendant.—Where an act, to be an offence, must have been done within a particular place, although there be no actual proof of the place where the act was done, if it be apparent from the whole case that, in the trial, it was taken for granted that the act, if done at all, was done within the place, and there was no objection on the trial to the absence of formal proof of it, the judgment will not be reversed, merely because there was no such formal proof.

Cross-Examination.—Judgment reversed for exclusion of cross-examination.

The defendant was tried before a city justice of the city of Northfield, on two separate complaints, one for selling spirituous liquor and the other for selling fermented liquor.

At the trial on the first complaint, the only testimony as to the fact of the sale was that of one Tallman, a private detective. On cross-examination he was asked whether he had received any money for acting as a detective against the liquor sellers of the city, and whether he expected to receive pay therefor, and other like questions, all of which were excluded by the justice, on objection by the prosecution, the defendant duly excepting. The other matters of objection and exception at the trials are stated in the opinion. Having been convicted and sentenced in each case, the defendant brings the record in each case to this court by writs of *certiorari.*

*Perkins & Whipple,* for defendant.

*W. S. Pattee* and *A. D. Keyes,* for the State.

GILFILLAN, C. J. The act under which the relator was prosecuted was an amendment to the act incorporating the city of Northfield. The original act of incorporation (Sp. Laws 1875, *c.* 17, subch. 1, § 4,) provided that there should be an election, at which the electors of the territory proposed to be incorporated should vote for or against the charter, and that the city of Northfield should become incorporated if a majority should be in favor of the charter. The amendment was to take effect and be a part of the charter, upon a similar election and vote in favor of it.

The objection is made that it was not proved that the charter and amendment were accepted by the votes of the electors. It is well settled that courts will judicially notice acts of the legislature creating municipal corporations. 1 Dillon Mun. Corp. § 50. That the act of incorporation of the city of Northfield was in force as a law, and consequently that it had been properly accepted by a vote of the electors, has been recognized by the legislature by the passage of three amendments to it. See Sp. Laws 1876, *c.* 37; 1878, *c.* 55;

1879, c. 77. That the amendment under which this prosetion was had—that in 1878—was in force as a law, and consequently had been properly accepted, was recognized by the legislature in the act of 1879. After these recognitions it was not necessary for the prosecution, in the absence of evidence to the contrary, to prove the adoption of the charter or amendment by the vote of the electors.

The questions put to the witness, Tallman, on cross-examination were proper. The answers might tend to show the witness interested in securing a conviction, which would go to discredit his testimony. For error in excluding these questions, the judgment in that case must be reversed.

In the other case, the only point made here is that the evidence does not show the sale to have been made within the city of Northfield. There seems to have been no formal proof of the place of sale, except that it was at defendant's store, which was spoken of as though it were a well-known place. From the whole case we are satisfied it was, on the trial, taken for granted, and not questioned, that the store mentioned is within the city. No objection was made at the trial that formal proof of the fact was wanting. The attention of the justice was not called to it. For these reasons the point ought not to prevail here.

The judgment in that case is affirmed.