## STATE v. FLOYD FROST.[1]

### October 3, 1924.

### No. 24,171.

**Sale of liquor—evidence of other sales.**
1. In a prosecution for the unlawful sale of intoxicating liquor, the state may prove that defendant made other sales at about the same time as the one for which he was tried.

**Proof of place of sale.**
2. The place of sale may be proved by circumstantial evidence. State courts take judicial notice of the location of the political subdivisions of the state. The evidence was sufficient to establish a sale in the county named in the indictment.

[1]Reported in 200 N. W. 295.

**Exhibiting to jury bottle containing unknown liquid.**
    3. The court's instructions removed any prejudice to defendant's rights which may have been caused by exhibiting to the jury a bottle containing an unidentified liquid shown to have been found on defendant's premises when searched.

**New trial denied.**
    4. Defendant was not entitled to a new trial on the ground of newly discovered evidence.

Upon information of the county attorney, defendant was charged in the district court for Freeborn county with the sale of intoxicating liquor, tried before Peterson, J., and a jury which found him guilty as charged in the information. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*L. H. Ostrander*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *John O. Peterson*, County Attorney, for respondent.

LEES, C.

Defendant was convicted of an unlawful sale of intoxicating liquor and has appealed from an order denying a new trial.

1. The information charged a sale to a man named Corey. Over defendant's objection, evidence was received of sales to another man at about the same time. That such evidence is admissible is no longer an open question in this state. State v. Peterson, 98 Minn. 210, 108 N. W. 6; State v. Gesell, 137 Minn. 43, 162 N. W. 683.

2. The place of sale alleged was the township of Geneva in Freeborn county. The proof was that Corey and a companion named Bagley went to defendant's store to get alcohol and received from him 20 or 25 gallons in cans, which were delivered on a public highway about a mile east of Geneva. Defendant testified that he lived at Geneva, where he kept a general store. There was no other proof of the place of sale. It seems to have been taken for granted that the store was in Freeborn county. No objection was made to the submission of the case to the jury without formal proof

of a sale in that county. It is better practice to make proof of the place where an offense was committed by direct evidence than to leave it for inference, but the great weight of authority is to the effect that direct evidence is not essential. The cases are collected in 16 C. J. p. 768, § 1573, and include State v. Cantieny, 34 Minn. 1, 24 N. W. 458. That case is in point, as is State v. Tosney, 26 Minn. 262, 3 N. W. 345, and State v. Grear, 29 Minn. 221, 13 N. W. 140. It is also generally held that the state courts take judicial notice of the location of the organized political subdivisions of the state. State v. Hesse, 154 Minn. 89, 191 N. W. 267; State v. Mitchell, 139 Iowa, 455. The courts of this state presumably know that there is a town of Geneva in the northeastern portion of Freeborn county and that any point not more than six miles east of Geneva is in Freeborn county. See Kellar v. State, 174 Wis. 67, 182 N. W. 321; 23 C. J. p. 85.

3. The defendant testified that his premises had been searched and no intoxicating liquor found. On rebuttal, the state called one of the officers who made the search, who produced a bottle which he said he found in the rear of defendant's store and referred to the contents of the bottle as "liquor." But when he was asked if he knew the nature of the liquid it contained, he answered that he was not qualified to say what it was. Thereupon, at the direction of the court, the bottle was removed. In charging the jury, the court said that neither the bottle nor its contents was in evidence, that they were not to be considered and the testimony should be blotted out of the minds of the jurors. Unless the state was prepared to prove that the bottle contained intoxicating liquor, it should not have been exhibited to the jury but, in view of the prompt and emphatic manner in which the trial court dealt with the incident, it cannot be held that defendant was prejudiced.

4. Corey was not a witness at the trial. He afterwards made an affidavit in which he said that, if called as a witness, he would testify that he had never purchased intoxicating liquor from the defendant. At some time prior to the trial, Corey had gone to the state of Iowa, where he was when his affidavit was made. In it he also stated that defendant did not know where he was until a

few days after the trial when he (Corey) wrote to him. Without considering the sufficiency of the showing of diligence on the part of the defendant, we hold that the court's refusal to grant a new trial on this ground was well within the limits of sound judicial discretion.

Order affirmed.