CITY OF FAIRMONT v. CARL B. SJOSTROM.

157 N. W. (2d) 849.

April 5, 1968—No. 40,662.

---

[1] 6 Dunnell, Dig. (3 ed.) § 2788.

*Gault, MacKenzie & Gustafson,* for appellant.
*Elton A. Kuderer,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Peterson, JJ.

NELSON, JUSTICE.

Appeal from a judgment of the District Court of Martin County finding defendant, Carl B. Sjostrom, guilty of driving while under the influence of intoxicating liquor in violation of Fairmont Ordinance No. 447, § 2.

Defendant was first charged in the probate court of Martin County, municipal court division, with violating the ordinance and was convicted of so doing after a jury trial. On appeal to the district court and a trial de novo at which he waived a jury trial, he was again convicted.

If all conflicts in the evidence are resolved in favor of the city, the

prevailing party below,[1] the facts appear to be as follows: About 11:30 p. m. Thursday evening, November 18, 1965, Richard Carlson of 107 Cedar, Fairmont, came to the police station and reported to officers outside the station that a red and black Marlin, license No. 5 DZ 965, had forced him off the road in the area of the Redwood Drive Inn, within the city limits, and that the car was traveling north. He then went in and gave this report to Officer Major H. Jones, who wrote it in the police log book and instructed the other officers to go to North State Street, north of the Redwood Drive Inn. Also at 11:30 p. m. Officer Jones noted in the log book that "Gayland [sic] Keck, 805 Albion Ave., reported the same vehicle all over the road. Gave info to Car #1." While the officers sent to investigate were en route to North State Street, they received another radio report that a vehicle was in the ditch near the Midland Bulk Gas Plant. They found defendant in the car described in the reports about one-quarter mile north of Fairmont in the ditch along Highway No. 15. Defendant was sitting in the driver's seat, and the car's lights were on and its motor running. Defendant was arrested and taken to the police station in Fairmont.

Testimony concerning the oral report made by Carlson to police officers outside the police station was correctly excluded by the court as hearsay. Carlson was not called to testify at the trial, nor was any evidence introduced to show that he was unavailable as a witness to testify. The police log containing Officer Jones' entries about Carlson's and Keck's complaints was admitted into evidence by the court over defendant's objection.

Gaylord Keck testified that he was the source of the second report made to Officer Jones and stated that at a point about one-quarter mile outside the city limits a car came toward his car from the opposite direction and gradually came into his lane and went into the ditch behind him. He observed the driver of the car in the ditch and was of the opinion that it was defendant although under the circumstances he was not positive. No one except defendant was present when the officers ar-

---

[1] While a member of the staff of the city attorney's office of Fairmont appeared to argue the case orally before the court, we note that no printed brief was filed by respondent city as required.

rived 15 or 20 minutes later. More important, however, it is clear that all of Keck's testimony was based upon observations made outside the city limits and he had at no time observed defendant driving a motor vehicle within the city of Fairmont. There was no evidence introduced as to the time the incident allegedly reported by Carlson occurred; who was driving the vehicle described in the police log; the distance the Redwood Drive Inn is from the city limits; what direction it is from the city limits; or its location in relation to the highway on which defendant was found.

The record contains no other testimony that defendant was driving in the city. Thus, Officer Victor Hillmer testified:

"Q. Officer Hillmer, I take it from your testimony, then, that at no time did you or Officer Pugsley or anyone, to your knowledge, ever see Mr. Sjostrom drive a motor vehicle on any street or highway in the City of Fairmont, is that true?

"A. That's true.

"Q. As a matter of fact, you do not know of your own knowledge whether he ever drove a motor vehicle on the streets of Fairmont drunk or sober?

"A. No, I don't.

"Q. And the events that you have related took place outside of the city limits as previously described by Officer Pugsley?

"A. Yes."

Officer Clayton J. Pugsley, when called as a witness, testified as follows:

"Q. Now, Mr. Pugsley, did you at any time see the defendant drive—

"A. No, sir.

"Q. —his car?

"A. No, sir.

"Q. Or any car?

"A. I had never seen the gentleman before that time, that evening."

Officer Jones testified as follows:

"Q. * * * Now, then, as far as your own knowledge is concerned,

you do not either know whether Mr. Sjostrom, the defendant here, ever drove a car in the City of Fairmont or not?

"A.    I do not.

"Q.    And you have no knowledge of any person that ever saw him driving a motor vehicle in the City of Fairmont?

"A.    Just the first report.

"Q.    Yes. Now, the first report didn't indicate to you who was driving that particular motor vehicle that was reported?

"A.    No.

"Q.    Or whether it was man, woman, child or who?

"A.    No.

"Q.    So, on the basis of that report, you still don't know whether Mr. Sjostrom, the defendant here, ever drove a motor vehicle in the City of Fairmont?

"A.    No."

The record discloses that the court, while finding defendant guilty, made this comment:

"There are problems in this case. I want the record to show that I, after some reflection, decided that I felt that the Plaintiff's Exhibit 2 [the police log] was properly received as a business record. It is the only evidence which ties this car in motion to operation within the City of Fairmont. What troubles me about it is that the record itself is admissible, but the record incorporates hearsay materials supplied by a third party not produced to testify here—namely, one Carlson."

■    Carlson's oral statements were inadmissible. They clearly come under no exception to the hearsay rule, and their relevance was not even established in the absence of testimony identifying defendant as the driver who forced Carlson off the road.

■    However, after testimony to the effect that Carlson later apparently made the same statements to Officer Jones at the police desk and the officer typed his report on the police log, the trial court reversed itself, saying in effect that the statements had become more reliable by being typed in résumé form and that as a result they became admissible as business records. Defendant's contention that this was error is well taken.

No such law with reference to hearsay testimony has been established in the State of Minnesota. It would appear that this matter has been well settled by two leading cases, namely, Brown v. St. Paul City Ry. Co. 241 Minn. 15, 62 N. W. (2d) 688, 44 A. L. R. (2d) 535, and Boutang v. Twin City Motor Bus Co. 248 Minn. 240, 80 N. W. (2d) 30.

In the Brown case the court analyzed the issue and announced its rule as follows (241 Minn. 24, 62 N. W. [2d] 695):

"* * * Does the inclusion of such [hearsay] statements in a hospital record render them admissible as evidence when otherwise they would be inadmissible? We think not."

We stated the fundamental purposes of the Uniform Business Records as Evidence Act, Minn. St. 600.01, 600.02, as follows (241 Minn. 26, 62 N. W. [2d] 696):

"The purpose of the uniform business records as evidence act was to make it unnecessary to call as witnesses the parties who made the entries. * * * It was never intended to make that proof which is not proof."

We approved the conclusion reached in a California decision:

"* * * It [a statute similar to Minn. St. 600.02] does not make the record admissible when oral testimony of the same facts would be inadmissible." McGowan v. City of Los Angeles, 100 Cal. App. (2d) 386, 392, 223 P. (2d) 862, 866, 21 A. L. R. (2d) 1206.

We decided in the Brown case (241 Minn. 26, 62 N. W. [2d] 696):

"We believe the better rule is that under M. S. A. c. 600 hospital records and charts, properly identified, are admissible when not privileged to prove diagnosis, treatment, or medical history of the patient pertinent to the medical and surgical aspects of the case but that hearsay and self-serving statements contained therein are not admissible to prove how an injury occurred, at least when offered by the patient."

In Boutang v. Twin City Motor Bus Co. *supra,* we repeated this holding.

In Flemming v. Thorson, 231 Minn. 343, 43 N. W. (2d) 225, this court had occasion to consider a more extreme application of the rule.

In that case the hospital record contained a statement, "HOLD FOR POLICE." We held that it was inadmissible.

■ In 32 C. J. S., Evidence, § 682(2), p. 900, it is stated as a requirement for admissibility of business records that such records must be based on the entrant's own observation or some information transmitted to him by an observer who has the business duty of transmitting such information to him:

"* * * If the informant to the person who makes the record entry is under no duty to anyone to make a truthful account of the facts thus recorded, the record will not be admissible as proof of such facts; the statute does not permit the receipt in evidence of entries based on voluntary hearsay statements made by third parties not engaged in the business or under any duty with respect thereto."

■ In reviewing the record in this case, it would be a fair statement of the facts to say that this hearsay evidence of Carlson's statements was the only substantial evidence of any kind introduced by the city which would have even placed defendant or his vehicle on a street in Fairmont. To establish that defendant violated the ordinance the city was required to prove (1) that defendant was operating a vehicle; (2) that he was under the influence of liquor, beer, or narcotics; and (3) that he was driving on a street within the city. It is plain that without the inadmissible evidence appearing on the police log the case is totally without proof that defendant drove on any street within the city. All the reasons for the application of the exclusionary hearsay rule are present in that there was no opportunity for defendant to cross-examine the absent Carlson; there was no evidence presented as to who was driving the vehicle involved; and there was no evidence definitively showing whether the incident reported took place within or without the city. Certainly Carlson's oral statements became no more reliable because they were entered in the police log.

Since the entry in the police log pertaining to Carlson's complaint constitutes hearsay and was inadmissible, the record contains no proof that defendant was driving on the streets of the city.

Reversed.