STATE (CITY OF WHITE BEAR LAKE) v.
WILLIAM GARRETT TREZONA.

176 N. W. (2d) 95.

February 27, 1970—No. 41813.

*Hall, Smith, Juster, Feikema & Haskvitz* and *Wyman Smith,* for appellant.

*Kelly & Finley* and *R. Donald Kelly,* for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant was arrested by a state highway patrolman on August 25, 1968, and prosecuted in the municipal court of the city of White Bear Lake on a tab charge of driving under the influence of alcohol on Highway No. 61 at Buffalo Street in Ramsey County in violation of Minn. St. 169.121, subd. 1(a). He was granted a jury trial, found guilty, and sentenced to 10 days in jail or a fine of $100. On appeal to the District Court of Ramsey County, he was tried without a jury and again convicted. The only issue is whether the state has adequately proved venue.

Minn. Const. art. 1, § 6, and Minn. St. 627.01 require that criminal cases be tried in the county where the offense is committed. The arresting officer located the place of the offense as near the entrance to the Benson Airport, about half a block north of Buffalo Street, on Highway No. 61. At the conclusion of the state's case, defendant moved for dismissal on the ground there was no proof the offense was committed within the city of White Bear Lake. After both sides had rested, a similar motion was made on the ground there was no showing the offense was committed within the county. In denying the motion, the court stated:

"The evidence discloses that it occurred on highway 61, and Buffalo Street, at the Benson airport. We all know that is inside the county."

We hold that the evidence of venue is adequate. It was necessary to prove only that the offense occurred within Ramsey County. The boundaries of the judicial district in which defendant was tried were coextensive with the boundaries of the county. Venue may be proved by indirect evidence. State v. Cantieny, 34 Minn. 1, 24 N. W. 458; State v. McReady, 154 Minn. 366, 191 N. W. 816; State v. Frost, 160 Minn. 317, 200 N. W. 295. Unlike the facts in City of Fairmont v. Sjostrom, 280 Minn. 87, 157 N. W. (2d) 849, where we held there was no competent evidence that the offense occurred within the jurisdiction of the court, it was here proper for the trial judge to take judicial notice that the intersection of Buffalo Street and Highway No. 61 and the Benson Airport are located within the county. People v. Pride, 16 Ill. (2d) 82, 156 N. E. (2d) 551; Clark v. State, 170 Tex. Cr. 456, 342 S. W. (2d) 332; People v. Albro, 8 Misc. (2d) 670, 172 N. Y. S. (2d) 175; Annotation, 48 A. L. R. (2d) 1102, 1132; 29 Am. Jur. (2d) Evidence, § 67.

Affirmed.