STATE of Minnesota, Respondent,

v.

Harvey Louis CARIGNAN, Appellant.

No. 46333.

Supreme Court of Minnesota.

Dec. 8, 1978.

C. Paul Jones, Public Defender, Robert E. Oliphant, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom and David W. Larson, Asst. County Attys., Minneapolis, for respondent.

PER CURIAM.

Defendant was found guilty by a Hennepin County District Court jury of charges of indecent liberties, sodomy upon or with a child, and two counts of aggravated sodomy, and the trial court sentenced defendant on one of the aggravated sodomy offenses to a maximum term of 30 years in prison, the sentence to run consecutively to a 30-year sentence previously imposed against defendant in Carver County for an earlier sodomy conviction.[1] On this appeal from judgment of conviction defendant raises contentions relating to pretrial publicity, admission of evidence (including eyewitness identification testimony, testimony of a witness whose name was not on the prosecutor's list of possible witnesses, certain Spreigl evidence, and testimony arguably suggesting defendant's involvement in a homicide), and sufficiency of evidence (as to venue and identity). We affirm.

While there was considerable pretrial publicity, defendant has failed to show that it prevented him from receiving a fair trial. *State v. Beier,* 263 N.W.2d 622 (Minn. 1978).

With respect to the claim of unnecessarily suggestive identification procedures the test which we apply is whether under the totality of the circumstances there was a "very substantial likelihood of irreparable misidentification." *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and *Manson v. Brathwaite,* 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). We hold that there was not.

Defendant's claim that the trial court erred in allowing the testimony of a witness whose name was not on the prosecutor's list of possible witnesses is based on Rule 9.01, subd. 1(1)(a), Rules of Criminal Procedure, which requires full disclosure of the names of witnesses. We need not consider this contention because the rules did not become effective until July 1, 1975, after the trial in this case.

Defendant's next contention relates to the fact that the patrolman who arrested defendant testified that he ordered defendant's car be impounded by the homicide division. Defendant contends that the jury likely made the prejudicial inference from this that defendant was also involved in a homicide.

We think it was unfortunate that this evidence was elicited, but we do not believe the error prejudiced defendant. For one thing, the trial court sustained defendant's objection and ordered the jury to disregard the comment. Second, it was made clear on cross-examination that the homicide division investigates not only homicides but sex crimes and serious assaults. Third, the jury properly learned when defendant testified that he had been convicted of attempted homicide after his arrest, so the jury likely assumed that it was that offense in which the homicide division was interested.

Defendant's contention that the trial court erred in admitting evidence of similar crimes defendant committed against other women has no merit. The trial court properly admitted the evidence under the identity and common-scheme-or-plan exceptions to the general exclusionary rule.

Defendant's final contention is that the evidence on both venue and identity was legally insufficient. There was testimony that the victim led the police to what she felt was the scene of the crime and it was determined that this was within Hennepin County and some 6.8 miles from Anoka County. Venue is determined by all the reasonable inferences arising from the totality of the surrounding circumstances. We therefore believe that this evidence clearly was sufficient to establish venue in Hennepin County. Similarly, we conclude that the state also met its burden of proving identity beyond a reasonable doubt.

Affirmed.

---

1. We have already considered and decided defendant's appeal from the Carver County conviction. See, *State v. Carignan,* 271 N.W.2d 442 (Minn.1978).