STATE of Minnesota, Respondent,

v.

Leo Clarence FRANK, Appellant.

No. C9–83–1534.

Supreme Court of Minnesota.

March 15, 1985.

Michael G. Singer, Minneapolis, for appellant.

Thomas L. Johnson, Co. Atty., Minneapolis, Hubert H. Humphrey, III, Atty. Gen., St. Paul, for respondent.

SCOTT, Justice.

Defendant was found guilty by a district court jury of two counts of criminal sexual conduct in the first degree, Minn.Stat. §§ 609.342(c) and 609.342(e)(i) (1982), for the rape of a woman in Minneapolis early on March 18, 1983. He was sentenced by

the trial court to 132 months in prison [1] with the term running consecutively to a previously imposed sentence for simple robbery. On appeal, defendant seeks a new trial on the ground that the trial court prejudicially erred in ruling (1) that if the defendant testified his credibility could be impeached by prior sexual assault convictions, and (2) that defendant's expert could not testify as to the physiological effects of varying levels of alcohol consumption. We affirm.

The victim, a 25-year-old part-time bartender in a neighborhood bar, met defendant in the bar after she completed her shift on the evening of March 17, 1983. Defendant, a 40-year-old man with an extensive criminal record, was a friend of the manager of the bar. The victim, who was unaware of defendant's record and assumed that it would be safe to go out with a friend of her boss, voluntarily accompanied defendant to a number of bars. Then, as defendant was ostensibly driving her to her residence, defendant stopped his van and raped her. After the rape, the victim walked home and, a short time later, called the police. The victim positively identified defendant, and her testimony that defendant raped her was corroborated by other evidence, including scientific evidence.

■ 1. Defendant's first contention is that the trial court erred in refusing to bar the use of two of his prior convictions to impeach his credibility if he testified.

Defendant had four prior felony convictions: a 1965 rape conviction in North Dakota; a 1969 rape conviction in Minnesota; a 1974 adultery conviction in Wisconsin based on the rape of a relative; and a 1978 robbery conviction in Minnesota. Under Minn.R.Evid. 609(b), which makes prior convictions generally inadmissible for impeachment purposes if more than 10 years have elapsed since the date of conviction or of the release of the witness from the confinement imposed for the conviction

(whichever is later), the 1965 conviction was stale, but the remaining three were not. Defendant sought an order barring the prosecutor from using the 1969 and 1974, but not the 1978, convictions if he testified. The trial court ruled that all three could be used. Defendant contends that this was prejudicial error.

There is no merit to this contention. Cases on point include *State v. Bettin,* 295 N.W.2d 542 (Minn.1980), and *State v. Brouillette,* 286 N.W.2d 702 (Minn.1979).

■ 2. Defendant's only other contention is that the trial court erred in refusing to permit a defense expert to testify as to the physiological effects of varying levels of alcohol consumption.

Complainant had a blood alcohol concentration of .14 at 4 a.m., when a blood sample was taken from her at the hospital as part of the sexual assault examination. Donald Neuenfeldt, a defense expert in the toxicology and physiology of alcohol, was permitted to testify, in response to a hypothetical based on complainant's testimony and the blood alcohol reading at 4 a.m., that complainant probably had a blood alcohol level of .155 one hour before, .16 two hours before, .175 three hours before, and .195 four hours before. When defense counsel sought to question him about the physiological effects of alcohol, the prosecutor objected, claiming that Mr. Neuenfeldt was not qualified because he was not a doctor. Defense counsel said that he was prepared to lay further foundation. The prosectuor then said that in her opinion he was probably qualified to testify about his observations and experiences with people having varying blood alcohol levels in the testroom, but that he was not qualified to make any general, sweeping statements relating to the physiological effects of alcohol. Defense counsel again said that he was prepared to expand on the foundation if the court wanted. The court then said that it felt it was far beyond the scope of

---

1. This is the presumptive sentence duration for criminal sexual conduct in the first degree by a person with a criminal history score of six or more. Defendant had one custody status point, one misdemeanor/gross misdemeanor point, and four felony points. Minnesota Sentencing Guidelines.

Mr. Neuenfeldt's expertise to testify how the varying levels of alcohol might have affected complainant and that it was invading the province of the jury. Defense counsel said that he felt that Mr. Neuenfeldt was qualified to testify as to the effects of alcohol at varying levels on one's ability to recall, one's inhibitions, and so on. The court refused to admit the evidence, saying that it was "highly speculative" and "within the realm of conjecture."

The general rule is that a party may, through cross-examination and through extrinsic evidence, show that the other party's witness was intoxicated at the time to which his testimony relates. *See State v. Hawkins,* 260 N.W.2d 150 (Minn.1977); *Kedrowski v. Czech,* 244 Minn. 111, 69 N.W.2d 337 (1955); *Olstad v. Fahse,* 204 Minn. 118, 282 N.W. 694 (1938); *State v. Grear,* 28 Minn. 426, 10 N.W. 472 (1881); IIIA J. Wigmore, Wigmore on Evidence, §§ 933, 1005(e) (Chadbourn Rev.1970); Annot., 8 A.L.R.3d 749, §§ 19–22 (1966). In an ordinary case the evidence bears on the witness' capacity to observe and recollect the events in question. In this case the evidence also bore on the issue of whether the complainant consented, as the defendant's attorney contended.

■ A criminal defendant, having a constitutional right to confront his accusers, would appear to have a right to show that a particular witness against him was intoxicated at the time of the event to which that witness' testimony relates. It does not follow, however, that a criminal defendant always has a right to have expert testimony admitted on the subject of excessive alcohol consumption by the victim as it relates to her ability to withhold consent. Most jurors have some experience with the effects of excessive alcohol consumption and therefore, in an ordinary case, will not need expert assistance. Under the circumstances, we believe that the subject is best left to the trial court's discretion. *State v. Fratzke,* 354 N.W.2d 402 (Minn.1984); *State v. Hardimon,* 310 N.W.2d 564 (Minn.1981). In this case, the

trial court did not abuse its discretion in refusing to admit the evidence.

Affirmed.