STATE of Minnesota, Respondent,

v.

Madjid (NMN) BAHRI, Appellant.

No. C6–93–1024.

Court of Appeals of Minnesota.

April 5, 1994.

Review Denied June 15, 1994.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Michael O. Freeman, Hennepin County Atty., Paul R. Scoggin, Asst. County Atty., Minneapolis, for respondent State.

John M. Stuart, State Public Defender, Mark D. Nyvold, Sp. Asst. State Public Defender, St. Paul, for appellant Bahri.

Considered and decided by ANDERSON, C.J., NORTON, and MULALLY, JJ.

## OPINION

EDWARD D. MULALLY, Judge *

Madjid Bahri appeals from his convictions of one count of fourth degree criminal sexual conduct and one count of fifth degree criminal sexual conduct, arguing that the state failed to prove venue, that the district court erroneously excluded expert testimony regarding the victims' blood alcohol concentrations, and that the court erred by refusing to give an instruction on the lesser-included offense of fifth degree assault. We affirm.

## FACTS

On July 31, 1992, S.N. and J.M. went to the nightclubs located in the Riverplace entertainment complex in Minneapolis. The women testified that they had consumed alcoholic beverages that night; S.N. testified that she had four vodka mixed drinks, and

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art VI, § 10.

J.M. testified that she had four beers. The women were separated when Riverplace closed at 1:00 a.m., and S.N. decided to meet J.M. at the car.

S.N. testified that she was approached by Bahri as she walked to the car. Bahri walked along with her and asked S.N. to come home with him and drink beer, and S.N. repeatedly asked him to leave her alone.

When J.M. reached the car, S.N. broke away from Bahri and told J.M. that they should leave because Bahri was bothering her. S.N. testified that as she tried to get into the car, Bahri seized her from behind and grabbed her and J.M.'s breasts. S.N. testified that Bahri then placed his hands on her breasts and all over her body, and that he pressed against her back making thrusting motions. J.M. testified that she saw Bahri making the thrusting motions and that he grabbed S.N.'s vagina.

J.M. testified that she hit Bahri in an attempt to separate Bahri and S.N. and that Bahri pushed her to the ground. J.M. also testified that Bahri laughed and called the two women "slut and whore" and that Bahri said he would never be caught and nothing would happen to him because he was not a citizen.

The police were called to the scene, and an officer in the area saw Bahri running away. The officer apprehended and arrested Bahri after a positive identification by S.N. and J.M.

Both before and during the trial, the defense requested that the court allow expert testimony regarding S.N. and J.M.'s blood alcohol concentrations (BACs). The district court denied the request, stating that the jury did not require expert testimony to establish or understand the effects of alcohol on the two women's perceptions and abilities to recall the events of the night in question. At the close of the case, the court also denied Bahri's motion for acquittal, which was based on the state's failure to prove venue by direct evidence.

## ISSUES

I. Did the state sufficiently prove the venue of the crime was in Hennepin County?

II. Did the district court abuse its discretion in excluding expert testimony regarding the victims' blood alcohol concentrations?

III. Did the district court abuse its discretion in refusing to give an instruction on fifth degree assault?

## ANALYSIS

### I.

Bahri argues that his convictions must be vacated because the state failed to present direct evidence that the offenses occurred in Hennepin County and there was a timely objection prior to giving the case to the jury. We disagree.

It is clear that the state must prove beyond a reasonable doubt that the charged offense occurred in the charging county. Minn. Const. art. I, § 6; *State v. Larsen*, 442 N.W.2d 840, 842 (Minn.App.1989). Venue, however, may be proven by circumstantial rather than direct evidence. *Larsen*, 442 N.W.2d at 842; *State v. Frost*, 160 Minn. 317, 319, 200 N.W. 295, 296 (1924); *State v. Tosney*, 26 Minn. 262, 264, 3 N.W. 345 (1879). The Minnesota Supreme Court has stated that "[v]enue is determined by all the reasonable inferences arising from the totality of the surrounding circumstances." *State v. Carignan*, 272 N.W.2d 748, 749 (Minn.1978).

Although Bahri claims that under *Frost*, indirect proof cannot suffice to establish this element of the state's case when the defense presents a timely objection, we disagree. While there was no objection made to the lack of direct proof of venue in *Frost*, the Minnesota Supreme Court did not conclude that the lack of an objection was dispositive. Rather, the court stated:

It is better practice to make proof of the place where an offense was committed by direct evidence than to leave it for inference, but the great weight of authority is to the effect that direct proof is not essential. * * * It is also generally held that the state courts take judicial notice of the location of the organized political subdivisions of the state.

160 Minn. at 319, 200 N.W. at 296. Thus, *Frost* provides that an appellate court may find that venue was proven where the state places the offense in a particular city in the state. Moreover, the district court did require the jury to find venue in Hennepin county as a separate element of the crime in order to convict. By convicting Bahri, the jury inferentially found that venue existed. *See Larsen,* 442 N.W.2d at 840–42. Accordingly, we conclude that the state sufficiently proved the venue of the offenses in Hennepin County by placing the offenses in a well-known area of the city of Minneapolis.

## II.

Bahri also argues that he is entitled to a new trial because the district court excluded expert testimony on the victim's BACs; he contends that he has a constitutional right to establish that S.N. and J.M. had BACs in excess of .10 at the time the alleged offenses occurred. We disagree.

■ Rulings on evidentiary matters generally rest within the sound discretion of the trial court. Even if the trial court errs in an evidentiary ruling, "[a] reversal is warranted only when the error substantially influences the jury to convict." *State v. Loebach,* 310 N.W.2d 58, 64 (Minn.1981).

■ Bahri argues that he has the right to present expert testimony regarding the victims' BACs under *State v. Frank,* 364 N.W.2d 398, 400 (Minn.1985). In *Frank,* however, the Minnesota Supreme Court stated that although a criminal has a constitutional right to show that a witness was intoxicated,

> [i]t does not follow, however, that a criminal defendant always has a right to have expert testimony admitted on the subject of excessive alcohol consumption by the victim. * * * Most jurors have some experience with the effects of excessive alcohol consumption and therefore, in an ordinary case, will not need expert assistance. Under the circumstances, we believe that the subject is best left to the trial court's discretion.

*Id.*

Here, the record shows that both S.N. and J.M. were questioned about their alcohol con-

sumption and the possibility that their perceptions may have been adversely affected. Both women acknowledged that they had been drinking that night, but denied that they were intoxicated or that their perceptions were altered by alcohol. The police officers were also questioned regarding the demeanor of the victims and whether they appeared intoxicated. In short, Bahri did have the opportunity to establish the effect of the victims' drinking and whether their perceptions were affected. We therefore conclude that the district court did not abuse its discretion by excluding expert testimony regarding the BACs of the victims.

## III.

■ Finally, Bahri argues that the district court erred in refusing to give a jury instruction on the lesser-included offense of fifth degree assault. It is within the district court's sound discretion to determine whether a lesser-included offense should be submitted to the jury. *Bellcourt v. State,* 390 N.W.2d 269, 273 (Minn.1986). An offense is a lesser-included offense if one cannot commit the greater offense without also committing the lesser. *State v. Whisonant,* 331 N.W.2d 766, 769 (Minn.1983). A lesser-included offense instruction should be given when the evidence provides a rational basis for acquittal on the greater offense and conviction on the lesser. *Bellcourt,* 390 N.W.2d at 273. In determining whether a rational basis exists to acquit on the greater offense and convict on the lesser, the district court is not obliged to credit the defendant's version of events. *State v. Patch,* 329 N.W.2d 833, 836 (Minn.1983).

■ Here, the defense requested but did not receive an instruction on fifth degree assault, which the defense argues is a lesser-included offense. The elements for fifth degree assault under Minn.Stat. § 609.224, however, are not necessarily committed where the defendant commits either fourth or fifth degree criminal sexual conduct.

To convict on a fifth degree assault charge, the state must show that the defendant (1) committed an act "with intent to cause fear in another of immediate bodily harm or

death; or (2) intentionally inflicts or attempts to inflict bodily harm upon another." Minn. Stat. § 609.224, subd. 1 (1992). In contrast, however, to convict for the subdivision of fourth degree criminal sexual conduct under which Bahri was charged, the state was not required to prove that Bahri's intent was to cause fear of immediate bodily harm or death, but rather was required to show that Bahri used force or coercion to accomplish sexual contact. Minn.Stat. § 609.345, subd. 1(c) (1992). The subdivision of fifth degree criminal sexual conduct with which Bahri was charged is distinguished from fourth degree criminal sexual conduct because fifth degree criminal sexual conduct does not include the intentional touching of the clothing covering the immediate area of the buttocks. Minn. Stat. § 609.3451, subd. 1 (1992).

Thus, the elements of fifth degree assault were not necessarily present in the subsections of fourth and fifth degree criminal sexual conduct under which Bahri was charged. Accordingly, we conclude that the district court properly refused to instruct the jury on fifth degree assault. *See Whisonant*, 331 N.W.2d at 769.

## DECISION

The state's failure to prove venue of the offenses by direct evidence is not sufficient to vacate Bahri's convictions. The district court's refusal to allow expert testimony regarding the victims' blood alcohol concentrations was not an abuse of discretion, and neither denied Bahri's right to present a defense nor entitled him to a new trial. The district court also properly refused to give an instruction on fifth degree assault since it was not a lesser-included offense.

**Affirmed.**