*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-1265**

State of Minnesota,
Respondent,

vs.

Daniel Leith Renville,
Appellant

**Filed August 4, 2014**
**Affirmed**
**Toussaint, Judge***

Redwood County District Court
File No. 64-CR-12-852

Lori Swanson, Attorney General, St. Paul, Minnesota;

Steven S. Collins, Redwood County Attorney, Ryan S. Hansch, Assistant County Attorney, Redwood Falls, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Benjamin J. Butler, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Stauber, Presiding Judge; Larkin, Judge; and Toussaint, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**TOUSSAINT**, Judge

Appellant challenges his conviction of first-degree criminal sexual conduct, arguing that the district court erred by excluding evidence that illuminated appellant's relationship with the victim, and by allowing the state to impeach him with prior felony convictions. Because the district court did not abuse its discretion in its evidentiary determinations and there is sufficient evidence to support the convictions, we affirm.

## DECISION

### *Evidentiary ruling*

On March 13, 2013, a jury found appellant Daniel Leith Renville guilty of first-degree criminal sexual conduct. Renville argues that the district court abused its discretion by excluding evidence that would have explained his relationship with the victim. When challenging the district court's evidentiary rulings, an appellant "has the burden of establishing that the [district] court abused its discretion and that appellant was thereby prejudiced." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003). When the district court errs by excluding evidence, we consider whether there is a reasonable possibility that the excluded evidence would have significantly affected the verdict. *State v. Post*, 512 N.W.2d 99, 102 n.2 (Minn. 1994). If there is a reasonable possibility that the verdict might have been more favorable to the defendant with the evidence, the error is prejudicial, and we will reverse and remand for a new trial. *Id.*

Renville argues that the district court should have allowed him to testify that he and the victim, M.D., smoked marijuana together the day that he assaulted her, claiming

that this evidence illuminated their relationship, tested her ability to accurately perceive and remember events, and explained a reference she made in a text message. He also claims that exclusion of the evidence deprived him of his right to present his version of the facts.

A defendant has a constitutional right to fundamental fairness and the opportunity to present a complete defense. *State v. Crims*, 540 N.W.2d 860, 865 (Minn. App. 1995), *review denied* (Minn. Jan. 23, 1996); U.S. Const. amend. V; Minn. Const. art. 1, § 7. To this end, a defendant has the right to present evidence that is material and favorable to his theory of defense. *Crims*, 540 N .W.2d at 866. But this does not include the right to present evidence that is irrelevant or more prejudicial than probative. *Id.* The district court concluded that the prejudicial effect of Renville's proffered evidence outweighed its probative value.

Renville argues that evidence that he and M.D. smoked marijuana together was relevant to show that they were hanging out and getting to know each other. But M.D. and Renville both testified about how they met that day and spent time together. M.D. testified that she and Renville spent time together around their children, but that Renville sexually assaulted her when she rejected his advances. Renville testified that M.D. initiated oral sex on him; they were interrupted by M.D.'s son. Later that day, M.D. again initiated sexual contact, which resulted in consensual intercourse. Thus, Renville's defense, that consensual intercourse occurred, was fully presented.

Renville argues that the evidence of mutual marijuana use also challenges M.D.'s ability to perceive and remember events. But Renville failed to make an offer of proof

3

that her alleged marijuana use had this effect. *See State v. Harris*, 713 N.W.2d 844, 848 (Minn. 2006) (stating that in absence of an offer of proof, appellate court cannot assess the significance of the excluded testimony, unless it is readily apparent from the evidence). Additionally, the district court excluded any evidence related to Renville's alleged drug use as well; marijuana use would also affect his memory and perception.

Renville argues that the evidence also would explain a text message that M.D. sent the morning after the assault telling a friend that Renville assaulted her. In the message, M.D. stated that Renville had gotten "trees 4 us." Renville asserts that "trees" is slang for marijuana. He claims that the jury should have been allowed to evaluate M.D.'s credibility when confronted with the reference to "trees" and her denial that "trees" referred to marijuana. But Renville is assuming that M.D. would have made such a denial.

Not only does Renville fail to show that the district court abused its discretion by excluding this evidence, but he fails to show prejudice. Based on the record, there is not a reasonable possibility that the verdict might have been more favorable to Renville with this evidence. *See Post*, 512 N.W.2d at 102 n.2. The jury rejected Renville's version of events. *See State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980) (stating that weighing the credibility of witnesses is the exclusive function of the jury). Other evidence supported M.D.'s testimony, including Renville's initial statement to police denying a consensual encounter and a physician's testimony corroborating M.D.'s description of her injury.

4

*Prior convictions*

Renville argues that the district court erred by allowing the state to introduce evidence of his prior felony domestic-assault and motor-vehicle-theft convictions for impeachment purposes. The district court found that the prior felony convictions were admissible after conducting a *Jones* analysis and determining that the evidence was more probative than prejudicial. *See State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978).

A district court's ruling on the admissibility of prior convictions for impeachment of a defendant is reviewed under an abuse-of-discretion standard. *State v. Ihnot*, 575 N.W.2d 581, 584 (Minn. 1998). Evidence of a prior conviction is admissible for impeachment purposes if the crime is punishable by more than one year in prison and the probative value outweighs the prejudicial effect, or if the conviction is for a crime involving dishonesty or false statement. Minn. R. Evid. 609(a)(1). In making this determination, the district court considers the following factors:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue.

*State v. Swanson*, 707 N.W.2d 645, 654 (Minn. 2006) (quoting *Jones*, 271 N.W.2d at 538). The district court "should demonstrate on the record that it has considered and weighed the *Jones* factors." *Id.* at 655.

5

*Impeachment value*

A prior conviction need not involve a crime of dishonesty. Any felony conviction can be used for impeachment, if "the probative value of admitting the evidence outweighs its prejudicial effect." Minn. R. Evid. 609(a). "[A] prior conviction can have impeachment value by helping the jury see the 'whole person' of the defendant and better evaluate his or her truthfulness." *Swanson*, 707 N.W.2d at 655 (citing *State v. Gassler*, 505 N.W.2d 62, 66-67 (Minn. 1993)); *see also State v. Brouillette*, 286 N.W.2d 702, 707 (Minn. 1979). "[I]t is the general lack of respect for the law, rather than the specific nature of the conviction, that informs the [jury] about a witness's credibility." *State v. Hill*, 801 N.W.2d 646, 652 (Minn. 2011) (stating that felony convictions are probative of a witness's credibility, and the fact that a witness is a convicted felon has impeachment value).

The district court ruled that this factor weighed in favor of admissibility because Renville chose to testify and with that decision asked the jury to accept his word. The court stated that the jury should be informed about Renville's trustworthiness and contempt for the law when asking them to believe him. Because Renville's felony convictions have probative value under the whole-person rationale, the district court correctly determined that this factor weighed in favor of admissibility.

*Date of conviction and the defendant's subsequent history*

Convictions occurring within ten years of trial are presumptively not stale. *Gassler*, 505 N.W.2d at 67; Minn. R. Evid. 609(b). The district court determined that this factor weighed in favor of admissibility because Renville's prior convictions occurred

6

within ten years—motor-vehicle theft in March 2004 and felony domestic assault in March 2009. The district court also stated that the convictions were not, "in light of [Renville's] criminal history, isolated incidents." The district court correctly determined that this factor weighed in favor of admissibility.

*Similarity of the past crime with the charged crime*

The greater the similarity of the alleged offense to the prior conviction, the more likely it is that the conviction is more prejudicial than probative. *Jones*, 271 N.W.2d at 538. "[I]f the prior conviction is similar to the charged crime, there is a heightened danger that the jury will use the evidence not only for impeachment purposes, but also substantively." *Gassler*, 505 N.W.2d at 67.

The district court correctly concluded that Renville's prior convictions were not similar to the charged offense and weighed in favor of admissibility. *See id.* at 64, 66-67 (prior second-degree attempted-murder conviction admissible in first-degree murder trial); *State v. Frank*, 364 N.W.2d 398, 399 (Minn. 1985) (prior rape convictions admissible in first-degree-criminal-sexual-conduct trial).

*Importance of defendant's testimony and the centrality of the credibility issue*

Courts may consider the fourth and fifth *Jones* factors together. *See Swanson*, 707 N.W.2d at 655 (grouping the fourth and fifth factors together). "[I]f the defendant's credibility is the central issue in the case . . . a greater case can be made for admitting the impeachment evidence, because the need for the evidence is greater." *State v. Bettin*, 295 N.W.2d 542, 546 (Minn. 1980). Credibility is central to the case "if the issue for the jury narrows to a choice between defendant's credibility and that of one other person." *Id.*

The district court determined that these factors weighed in favor of admissibility because: "if [Renville] decides to testify and offers testimony that conflicts with the State's witnesses, his credibility would certainly be central to his case." Because Renville testified and his credibility was a central issue the district court correctly determined that this factor weighed in favor of admissibility.

Renville argues that the district court abused its discretion by failing to conduct a separate *Jones* analysis for each conviction. The Minnesota Supreme Court has allowed district courts to apply the *Jones* factors to several prior convictions in one analysis. *See State v. Davis*, 735 N.W.2d 674, 680-81 (Minn. 2007) (applying the *Jones* factors to five prior convictions in one analysis).

Renville also argues that the district court failed to instruct the jury on how to use the evidence. But the district court stated in final jury instructions: "[Y]ou must be especially careful to consider any previous conviction only as it may affect the weight of the defendant's testimony. You must not consider any previous conviction as evidence of guilt of the offense for which the defendant is on trial." Because the *Jones* factors weigh in favor of admissibility, the district court did not abuse its discretion by admitting Renville's prior felony convictions for impeachment purposes.

*Pro se claims*

In his pro se supplemental brief, Renville argues that his trial counsel admitted his guilt in the presence of the jury and failed to obtain exonerating evidence, and that the

district court failed to offer him a continuance. A thorough review of the record shows that Renville's claims lack merit.

**Affirmed.**