*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0249**

State of Minnesota,
Respondent,

vs.

Scott Joseph Mirkovich,
Appellant.

**Filed January 25, 2016
Affirmed
Schellhas, Judge**

St. Louis County District Court
File No. 69DU-CR-14-2116

Lori Swanson, Attorney General, Karen B. Andrews, Assistant Attorney General, St. Paul, Minnesota; and

Mark Rubin, St. Louis County Attorney, Duluth, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Leslie J. Rosenberg, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Rodenberg, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**SCHELLHAS**, Judge

Appellant challenges his convictions of second-degree assault, felony domestic assault, felony domestic assault by strangulation, terroristic threats, and interference with

an emergency call, arguing that (1) the evidence was insufficient to prove venue beyond a reasonable doubt and (2) the district court (a) plainly erred by failing to issue sua sponte a jury instruction on voluntary intoxication and (b) abused its discretion by allowing impeachment of appellant with his prior felony conviction. Appellant also argues pro se that the district court erred by admitting a witness's testimony. We affirm.

## FACTS

After a drunken party on June 25, 2014, at the Duluth residence of S.K. and her boyfriend, appellant Scott Mirkovich, the two argued about whether their guests should leave or stay. The next morning, Mirkovich resumed drinking malt liquor with one of the guests over S.K.'s objection. In the early afternoon, police responded to a medical call at the residence after S.K. struck Mirkovich in the face with a beer bottle. Police found Mirkovich lying on a couch with an inch-long laceration above one of his eyes. Mirkovich refused medical treatment, and police left. Mirkovich and S.K. then argued, and Mirkovich grabbed S.K. by the front of her shirt, grabbed a steak knife and held it to S.K.'s throat, and told S.K. that he was going to kill her. When S.K. told Mirkovich that she was going to call police, he tackled her, pinned her down, pulled her hair, and choked her. After Mirkovich left the residence that afternoon, S.K. called police. An officer who responded to the call and entered the residence saw that items were knocked over. Police took photographs of S.K.'s neck and collected the knife as evidence. S.K. refused medical treatment.

The state charged Mirkovich with second-degree assault, felony domestic assault, felony domestic assault by strangulation, terroristic threats, and interference with an

2

emergency call. A jury found Mirkovich guilty as charged, and the district court imposed a presumptive guidelines sentence of 45 months' imprisonment for Mirkovich's conviction of second-degree assault.

This appeal follows.

**D E C I S I O N**

*Venue*

Mirkovich first argues that the evidence was insufficient to prove venue beyond a reasonable doubt. "When assessing the sufficiency of the evidence, [appellate courts] make a painstaking review of the record to determine whether the evidence and reasonable inferences drawn therefrom, viewed in a light most favorable to the verdict, were sufficient to allow the jury to reach its verdict." *State v. Vang*, 847 N.W.2d 248, 258 (Minn. 2014) (quotation omitted).

Venue is an element of an offense, "which, like all other elements, must be established . . . by proof beyond a reasonable doubt to support a conviction." *State v. Eibensteiner*, 690 N.W.2d 140, 150 (Minn. App. 2004), *review denied* (Minn. Mar. 15, 2005). "The venue element of an offense is determined by all the reasonable inferences arising from the totality of the surrounding circumstances." *Id.* (quotations omitted). "Venue may be proved by indirect evidence." *State v. Trezona*, 286 Minn. 531, 532, 176 N.W.2d 95, 96 (1970); *see also State v. Bahri*, 514 N.W.2d 580, 582 (Minn. App. 1994) ("Venue . . . may be proven by circumstantial rather than direct evidence."), *review denied* (Minn. Jun. 15, 1994). While "[i]t is better practice to make proof of the place where an offense was committed by direct evidence than to leave it for inference, . . . the great weight

of authority is to the effect that direct evidence is not essential." *State v. Frost*, 160 Minn. 317, 319, 200 N.W. 295, 295 (1924).

Mirkovich argues that venue was not proved because "[n]o witness testified to the county" in which the offenses occurred. The state concedes that it did not offer direct evidence of the county in which the offenses occurred. But the state argues that sufficient circumstantial evidence proved that the offenses occurred in St. Louis County because the offenses occurred in Duluth and Duluth is a well-known city in St. Louis County. S.K. testified that she lived with Mirkovich at a residence in Duluth and provided the specific address. Responding police officers testified that they worked for the Duluth Police Department and responded to the incident while they were on duty.

Evidence that an offense occurred in a well-known location is sufficient to prove venue in a particular county. *See Trezona*, 286 Minn. at 532, 176 N.W.2d at 96 (concluding that evidence was sufficient to prove venue where it demonstrated that offense occurred at "intersection of Buffalo Street and Highway No. 61" at "Benson Airport"); *Bahri*, 514 N.W.2d at 583 (concluding that evidence was sufficient to prove venue where it established that offenses took place in well-known area of city of Minneapolis); *State v. Larsen*, 442 N.W.2d 840, 842 (Minn. App. 1989) (concluding that evidence was sufficient to prove venue where "[t]hroughout the case witnesses referred to Lake Florida, which is located in the north central part of Kandiyohi County"). In *Larsen*, the defendant apparently did not object to the lack of venue evidence, 442 N.W.2d at 842, and Mirkovich therefore argues that *Larsen* is distinguishable because he objected to the lack of evidence regarding the county in which the offenses occurred. He cites to an unpublished case to support his

4

argument. Unpublished opinions of this court have limited value in deciding an appeal because they are not precedential. *See* Minn. Stat. § 480A.08, subd. 3(c) (2014) ("Unpublished opinions of the Court of Appeals are not precedential."); *see also Gen. Cas. Co. of Wis. v. Wozniak Travel, Inc.*, 762 N.W.2d 572, 575 n.2 (Minn. 2009) (noting that an "unpublished Minnesota court of appeals decision does not constitute precedent"). We decline to consider the unpublished opinion cited by Mirkovich. We conclude that the evidence in this case was sufficient to prove venue beyond a reasonable doubt.

*Voluntary-intoxication instruction*

Mirkovich argues that the district court plainly erred by failing to issue sua sponte a jury instruction on voluntary intoxication as to his second-degree assault charge and that this failure affected his substantial rights. He concedes that he did not request a voluntary-intoxication instruction. A defendant's failure to propose specific jury instructions or to object to instructions before they are given to the jury generally constitutes a forfeiture of the right to appeal on that basis. *See State v. White*, 684 N.W.2d 500, 508 (Minn. 2004) ("A defendant's failure to propose specific jury instructions or to object to instructions before they are given to the jury generally constitutes a waiver of the right to appeal.").[1]

In *State v. Hannon*, noting that the record established that the defendant was likely intoxicated on the day of the offense, the supreme court stated that "a trial court judge has

---

[1] Appellate courts have "sometimes used the phrase 'waived . . . appellate review' when discussing a defendant's failure to object to an error in the district court." *State v. Beaulieu*, 859 N.W.2d 275, 278 n.3 (Minn. 2015). Nevertheless, "forfeiture is the failure to make the timely assertion of a right, [while] waiver is the intentional relinquishment or abandonment of a known right." *Id.* (quotation omitted).

no obligation to instruct the jury, *sua sponte*, concerning the defense of intoxication." 703 N.W.2d 498, 511–12 (Minn. 2005). Because Hannon did not request a voluntary-intoxication instruction, the court concluded that he forfeited his right to assert error on that point. *Id.* at 512. Similarly, in *State v. Sutherlin*, the supreme court concluded that the district court did not err by not instructing the jury on intoxication because the defendant "did not offer his intoxication as an explanation of his actions nor did he request an instruction on intoxication." 396 N.W.2d 238, 241 (Minn. 1986).

As in *Hannon* and *Sutherlin*, Mirkovich did not request an instruction on voluntary intoxication. Because Mirkovich failed to request a voluntary-intoxication instruction regarding the charge of second-degree assault, he has forfeited the argument on appeal.

Even if Mirkovich has not forfeited this argument, he has failed to demonstrate plain error. To receive a requested instruction on voluntary intoxication, the defendant must, among other things, "offer intoxication as an explanation for his actions." *State v. Torres*, 632 N.W.2d 609, 616 (Minn. 2001); *see also State v. Lopez*, 587 N.W.2d 26, 28 & n.5 (Minn. 1998) ("Before the intoxication defense comes into play, a defendant must offer intoxication as an explanation for his actions."). Although the evidence is sufficient to demonstrate that Mirkovich was intoxicated at the time of the offense, he did not offer his intoxication as an explanation for his conduct. The district court therefore did not err by not instructing the jury sua sponte on voluntary intoxication.

*Impeachment by prior conviction*

Mirkovich argues that the district court abused its discretion by ruling that if Mirkovich testified, the state could impeach him with his prior felony conviction. "A

district court's ruling on the admissibility of prior convictions for impeachment of a defendant is reviewed under a clear abuse of discretion standard." *State v. Swanson*, 707 N.W.2d 645, 654 (Minn. 2006). Evidence of a felony conviction is admissible to attack a witness's credibility if the district court determines that the probative value of the evidence outweighs its prejudicial effect. Minn. R. Evid. 609(a). In determining whether to allow a defendant's impeachment by a prior conviction, the district court must consider:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue.

*State v. Jones*, 271 N.W.2d 534, 537–38 (Minn. 1978). On appeal, Mirkovich challenges the order in which the district court considered the *Jones* factors and its analysis of the third *Jones* factor—the similarity of the past crime with the charged crime. Mirkovich offers no legal support for his argument that the court abused its discretion by the order in which it considered the *Jones* factors.

As to the third *Jones* factor, Mirkovich was convicted of felony terroristic threats in February 2012 as a result of stabbing S.K. in the foot with a samurai sword. Mirkovich argued to the district court that the conviction was not admissible for impeachment purposes because of its similarity to the charged offense. The record reflects that the district court agreed that the prior conviction was similar to the charged offense and resolved the potential prejudice by permitting impeachment by the prior conviction as an unspecified felony.

Mirkovich appears to argue that even an unspecified prior conviction is inadmissible for impeachment purposes if the nature of the conviction is overly similar to the charged offense. We reject Mirkovich's argument. In *State v. Hill*, the supreme court held:

> If a court finds that the prejudicial effect of disclosing the nature of a felony conviction outweighs its probative value, then it may still allow a party to impeach a witness with an unspecified felony conviction if the use of the unspecified conviction satisfies the balancing test of Rule 609(a)(1).

801 N.W.2d 646, 652–53 (Minn. 2011). Here, Mirkovich's prior felony had probative value. The district court did not abuse its discretion by ruling that the state could impeach Mirkovich with evidence of his prior conviction, informing the jury only of the existence of an unspecified felony conviction. The court therefore did not violate Mirkovich's right to testify in his defense. *See State v. Gassler*, 505 N.W.2d 62, 68 (Minn. 1993) ("[I]t is only when a trial court has abused its discretion under Rule 609(a)(2) that a defendant's right to testify may be infringed by the threat of impeachment evidence.").

*Pro se argument*

In a one-paragraph pro se supplemental brief, Mirkovich appears to argue that the district court erred by admitting S.K.'s testimony. Mirkovich asserts that S.K. had been drinking on the day of the incident and that she "[c]ommitted [p]erjury," presumably when she testified that she had not been drinking on the day of the incident. "The credibility of witnesses and the weight to be given their testimony are determinations to be made by the factfinder." *State v. Dickerson*, 481 N.W.2d 840, 843 (Minn. 1992) (quotation omitted). And "[e]videntiary rulings rest within the sound discretion of the trial court and will not be reversed absent a clear abuse of discretion. On appeal, the appellant has the burden of

8

establishing that the trial court abused its discretion and that appellant was thereby prejudiced." *State v. Amos*, 658 N.W.2d 201, 203 (Minn. 2003) (citation omitted). Mirkovich has not sustained this burden.

**Affirmed.**