## STATE v. MOSES GILLER.[1]

November 23, 1917.

No. 20,579.

**Property — constructive possession.**

1. The constructive possession of property as defined in the books is a fiction of the law, and as applied to movable chattels, except in attachment, garnishment or other special proceedings, theoretically places the property with the person of the legal owner at his domicile.

[1]Reported in 165 N. W. 132.

138 M—24

**Criminal law — shipment of game — venue.**

2. A person who receives into his possession at his place of residence or business, contraband game in violation of the laws of the state, and at that place ships the same to a purchaser at a distant point in the state, commits a crime in so doing, subjecting himself to prosecution in the county wherein such shipment was so made.

**Same — constructive possession.**

3. He is not subject to prosecution in a county through which the shipment may pass en route to destination on the theory that he was in constructive possession of the contraband articles in such county, where he does not accompany the shipment.

**Same — statute.**

4. Section 4765, G. S. 1913, defining the word "possession" as used in the regulatory game statutes was not intended as fixing the venue in prosecutions for a violation of the statute, nor to change the place of trial as fixed by section 9196, G. S. 1913.

Defendant was found guilty by a justice of the peace of Itasca county of having unlawfully in his possession and control five round undressed white fish, and was fined $50 and costs. From the judgment of conviction defendant appealed to the district court for that county. The appeal was heard before Wright, J., who at the close of the testimony denied defendant's motion to dismiss the proceeding, and a jury which found defendant guilty as charged in the complaint. From an order denying his motion for a new trial, defendant appealed. Reversed.

*E. O. Hagen,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Ralph A. Stone,* County Attorney, for respondent

Brown, C. J.

Defendant resides at Crookston, in Polk county, where he is engaged in the business of buying and selling frozen fish and other articles of trade. The "Cash Market" is a copartnership engaged in the retail provision trade at Hibbing in St. Louis county. On February 24, 1917, defendant in fulfilment of an order therefor shipped three boxes of fish by the Great Northern Express Company from Crookston to the Cash Market at Hibbing. The order for the fish called for 100 pounds each of

pickerel, pike and whitefish and the shipment was made up of three separate boxes of the weight, stated. The consignment was f. o. b. at Crookston. While in transit and at Grand Rapids, in Itasca county, the fish were seized and taken from the possession of the carrier, and condemned as contraband by a deputy state game warden, acting under the authority conferred by G. S. 1913, § 4767, on the ground that a part of the whitefish were under the size and weight permitted to be taken from the waters of the state by section 4873, and that the shipment thereof was a violation of section 4906. The game warden was acting within the line of his duty as imposed by the statute just cited. .

Thereafter a warrant for the arrest of defendant was sworn out before a justice of the peace of Itasca county, therein charging him with having the fish in his possession in that county with intent to sell the same; all in violation of and contrary to the statute in such case made and provided. Defendant was arrested under the warrant and taken before the justice and after a trial found guilty and sentenced to pay a fine of $50 and costs. He appealed to the district court upon questions of law and fact, and on trial in that court was again found guilty. He moved on various grounds for a new trial and appealed from an order denying it.

At the conclusion of the trial in the district court defendant moved to dismiss the prosecution on the ground, among others, that no offense was shown to have been committed in Itasca county, and that therefore the court was without jurisdiction. The motion was denied and defendant duly excepted to the ruling. Defendant assigns the ruling as error on this appeal, and thereby is presented the only question we deem it necessary to consider; our conclusion thereon being that the objection to the jurisdiction was well taken and should have been sustained by the court below.

Section 4873, G. S. 1913, provides that no person shall at any time catch, kill or have in his possession or under his control for any purpose whatever any fish that are less in weight and size than therein specified. Section 4906 provides that any person who takes, catches or kills, has in his possession, or has in his possession with intent to sell, or sells or offers to sell, or ships by a common carrier any fish taken or caught in violation of section 4873, shall be guilty of a misdemeanor and punished by fine or imprisonment.

In this prosecution defendant was charged with having contraband fish in his possession in the village of Grand Rapids with intent to sell the same. On its face the warrant sufficiently charged a violation of the statute. But it appears from the record, and there is no dispute about the fact, that defendant was not personally in Grand Rapids at the time stated in the warrant, nor did he at that time or place have actual possession of the fish. On the contrary, they were then in the possession of the carrier and in transit to their destination, Hibbing, in St. Louis county.

It is the contention of defendant that whatever offense may be charged to him by reason of the facts stated was committed in Polk county, at the time he delivered the fish to the carrier for transportation to the consignee at Hibbing, and that he was not guilty of another offense in Itasca county merely because the fish passed through that county en route to destination. We sustain this contention.

The statute on which the prosecution is founded, already referred to, declares the possession or shipment of contraband fish a misdemeanor. The record shows that defendant originally came into the possession of the fish in question at his place of business in Crookston, through a shipment from Canada where they were caught, and that the sale and shipment thereof by him to the Cash Market occurred at his place of business and in Polk county. There can be no question that he then and there violated the statute and subjected himself to prosecution in that county. But the state contends that he also violated the law in Itasca county, and that he was properly proceeded against therein. This is founded on the fact though the fish were shipped f. o. b. at Crookston, which under ordinary conditions would amount presumptively to a surrender of the control of the fish to the carrier as agent of the consignee, yet, as some of the fish were in fact contraband and not the kind ordered by the consignee, the ownership and constructive possession thereof remained with defendant, subjecting him to prosecution in any county into or through which the shipment might pass in transit. In support of this contention the state relies upon that provision found in section 4765, G. S. 1913, wherein it is declared that the word "possession," as used in the game regulatory statutes, shall include both actual and constructive possession, as well as the control of the article referred

to in connection with the use of the word. The theory of the state is plausible, but we think the definition of the word "possession" as given in the statute can have no particular bearing on the question here presented.

It is probable that by this provision of the statute the legislature intended to reach a case where the real culprit deposits contraband game in a local cold storage plant, or ships it by express or freight and personally accompanies the shipment. But to what further extent the lawmakers intended to go we do not stop to consider, for we are clear that the provision should not be construed as fixing the venue in criminal prosecutions for a violation of the law, or as having been intended to authorize a prosecution in a county wherein there is only a technical constructive possession of contraband game. If we were to sustain the contention of the state, it would necessarily follow that a game warden would have it in his power to fix and determine the venue or place of prosecution in such cases, by seizing the unlawful shipment and instituting a prosecution in a county through which it might pass to destination most suited to his convenience. It seems clear that the legislature did not intend the statute to have that effect. And, moreover, "construtive possession of property," as defined in the books, is a fiction of the law, and thereunder personal chattels wherever their actual situs, remain with the person of the legal owner at his domicile. While as to movable chattels there are exceptions, as applied to special situations, as in attachment, garnishment or other proceedings in which it is sought to subject the property to a particular jurisdiction, we have been cited to no case wherein it has been held that constructive possession in theory of the law carries the person of the owner to their actual situs. The converse of that proposition is the general rule and thereby theoretically the property is at the residence or domicile of the owner. The case might be different in a situation like that here presented, if the owner accompanied the shipment.

The case is therefore controlled by section 9196, G. S. 1913, which provides that every criminal cause shall be tried in the county where the offense was committed. For it must be conceded that defendant violated the statute when he shipped the fish in question, and that act took place in Polk county. And there is in the statute no provision

making a shipment of contraband game an offense in every county through which it may pass. There is such a statute as applied to the crime of larceny, and the thief may be prosecuted in any county into which he may take the stolen property. G. S. 1913, § 8880. But that statute can have no application to the case at bar. Nor are sections 9151 and 9152 pertinent.

We do not question the right of a game warden to seize and condemn contraband game wherever it may be found. That authority is clearly granted by section 4767. But from that it does not follow that the absent constructive or theoretical possessor may be prosecuted at the place chosen by the game warden for the performance of his act of condemnation, to the validity of which a criminal prosecution is not by the statute made necessary.

Order reversed.