STATE OF MINNESOTA

IN SUPREME COURT

A22-0632

Court of Appeals                                          Thissen, J.
                                         Took no part, Hennesy, Gaïtas, JJ.


State of Minnesota,

                  Respondent,

vs.                                                  Filed: June 11, 2025
                                              Office of Appellate Courts
Matthew Douglas Paulson,

                  Appellant.


_____


Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Brad Johnson, Anoka County Attorney, Kelsey R. Kelley, Assistant Anoka County Attorney, Anoka, Minnesota, for respondent.

Cathryn Middlebrook, Chief Appellate Public Defender, Adam Lozeau, Assistant Public Defender, Saint Paul, Minnesota, for appellant.

Keith Ellison, Attorney General, Ed Stockmeyer, Assistant Attorney General, Saint Paul, Minnesota, for amicus curiae Minnesota Attorney General.


_____


S Y L L A B U S

The statutory venue requirement set forth in Minnesota Statutes section 627.01 (2024), that "every criminal cause shall be tried in the county where the offense was

1

committed," is not an element of the offense, and therefore appellant's factual basis was sufficient to satisfy the accuracy requirement of a valid guilty plea, even though the factual basis did not establish the statutory venue requirement.

Affirmed.

O P I N I O N

THISSEN, Justice.

This case presents the narrow legal question of whether appellant Matthew Douglas Paulson's guilty plea satisfies the accuracy requirement for a valid plea, notwithstanding a factual basis that failed to establish the statutory venue requirement set forth in Minnesota Statutes section 627.01 (2024), which provides that every criminal cause shall be tried in the county where the offense was committed.[1] We hold that the statutory venue requirement is not an element of an offense, and therefore the proffered factual basis for Paulson's guilty plea was sufficient to satisfy the accuracy requirement of a valid guilty plea, even though the factual basis did not establish the statutory venue requirement. Because the court of appeals correctly held that the factual basis for Paulson's guilty plea was sufficient to satisfy the accuracy requirement of a valid guilty plea, we affirm.

**FACTS**

S.W. was a 15-year-old who periodically left home without permission to visit her mother's cousin, A.G., in Wisconsin. A.G. lived with the defendant Paulson and their joint

---

[1]    The venue requirement in Minnesota Statutes section 627.01 is subject to several exceptions which are set forth in Minnesota Rule of Criminal Procedure 24.

2

children. Paulson had known S.W. since she was "in diapers" and was "like an uncle" to her.

In early 2021, S.W. left her mother's home in Anoka County, without her mother's consent, to stay with A.G. in Wisconsin for a few weeks. On or about March 16, 2021, Paulson, A.G., and S.W. used methamphetamine together. Suddenly, Paulson became angry. He assaulted A.G., then took S.W. to his truck and drove off with her. S.W. asked to be dropped off at her friend's house. Instead, Paulson took S.W. to his family's property in Stacy, Minnesota. Paulson kept S.W. in the truck for the next two days. He took S.W.'s phone from her to prevent her from contacting her mother. He threatened to kill S.W. and himself. Paulson provided S.W. with methamphetamine and, as S.W. reported to police, sexually assaulted her twice. His erratic behavior frightened S.W. into submitting to his abuse.

On March 18, A.G. learned S.W. was with Paulson at his family's property. A.G. drove to Stacy to get S.W. and take her home to Anoka County. As A.G. was driving with S.W. to bring her home to her mother, officers stopped A.G.'s vehicle in Anoka County. The officers noticed S.W. showing signs of being "extremely" under the influence of drugs. S.W. reported to the officers that Paulson had kidnapped her, given her methamphetamine, and twice sexually assaulted her. The officers took S.W. to the hospital, where hospital staff found her symptoms of methamphetamine use were so extreme that they put a hold on S.W.

Initially, the State charged Paulson with one count of first-degree criminal sexual conduct, Minn. Stat. § 609.342, subd. 1(b) (2020), and one count of second-degree criminal

3

sexual conduct, Minn. Stat. § 609.343, subd. 1(b) (2020), in Anoka County district court. Paulson filed a motion to dismiss on the grounds that the offenses alleged occurred in Isanti County, not Anoka County.

The district court held a hearing on the matter. At the hearing, the parties stipulated that the charged offenses did not occur in Anoka County. The State argued, however, that venue was nonetheless proper in Anoka County under Minnesota Statutes section 627.15 (2024), because the police first encountered the victim in Anoka County.[2] The district court agreed and denied Paulson's motion, concluding that Anoka County was the proper venue under section 627.15. The district court observed that police indisputably found S.W., a minor, in Anoka County.

The State later amended the complaint to charge Paulson with additional offenses, including kidnapping to facilitate a felony in violation of Minn. Stat. § 609.25, subd. 1(2) (2024)—specifically, a second-degree controlled substance crime. Paulson did not seek to dismiss the new charges on the grounds that Anoka County was an improper venue or that section 627.15 did not apply to them. He ultimately entered an *Alford* plea to kidnapping to facilitate a felony.[3] During Paulson's plea, the prosecutor summarized the evidence the

---

[2] Section 627.15 provides that "[a] criminal action arising out of an incident of alleged child abuse may be prosecuted either in the county where the alleged abuse occurred or the county where the child is found."

[3] In *State v. Goullette*, 258 N.W.2d 758, 760 (Minn. 1977), we formally adopted the use of pleas entered in accordance with *North Carolina v. Alford*, 400 U.S. 25, 91 (1970). *See Doe 136 v. Liebsch*, 872 N.W.2d 875, 879 (Minn. 2015) (discussing the formal adoption of *Alford* pleas). In *Alford*, the United States Supreme Court held that it was constitutional for a court to accept a defendant's guilty plea, even though the defendant maintained his innocence, where the State demonstrated a "strong factual basis for the

4

State expected to present at trial, which included the following testimony: S.W.'s mother was expected to testify that she did not consent to Paulson removing S.W. from Wisconsin to Stacy, Minnesota. S.W. was expected to testify that she was 15 years old at the time of the offense; Paulson removed her from Wisconsin to Stacy, Minnesota; she did not see text messages her mother sent her because Paulson took her cellphone; Paulson provided her methamphetamine; and she was "high" and "tweaking" on drugs most of the time she was with Paulson in Stacy. After considering the facts alleged in the complaint and police reports, along with the summary of the evidence the State expected to present at trial, Paulson personally agreed that there was a substantial likelihood that he would be convicted at trial. After making an independent finding that there was a substantial likelihood that Paulson would be convicted at trial, the district court accepted Paulson's *Alford* plea and later imposed a sentence consistent with the parties' plea agreement.

Paulson appealed. He argued that the factual basis he provided for the substantive offense of kidnapping to facilitate a felony second-degree controlled substance crime was insufficient to satisfy the accuracy requirement of a valid plea because Stacy is in Isanti

---

plea" and the defendant clearly expressed his desire to enter the plea based on his belief that the State's evidence would be sufficient to convict him. 400 U.S. at 38. As we have explained:

> The best practice for ensuring [the protective purpose of the accuracy requirement] is to have the defendant specifically acknowledge on the record at the plea hearing that the evidence the State would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty of the offense to which he is pleading guilty . . . .

*State v. Theis*, 742 N.W.2d 643,649 (Minn. 2007).

County, not Anoka County; therefore the factual basis did not establish the statutory venue requirement set forth in Minnesota Statutes section 627.01.[4] The court of appeals rejected that argument, concluding in part that "venue is not an 'element' of the charged offense in the sense that it determined whether or not Paulson committed the offense." *State v. Paulson*, No. A22-0632, 2023 WL 2637714, at *6 (Minn. App. Mar. 27, 2023).

Paulson filed a petition for review on a single issue: Was his guilty plea inaccurate because the State failed to establish a factual basis that venue was proper in Anoka County? We granted review.

**ANALYSIS**

The narrow question before us is whether the factual basis for Paulson's guilty plea was sufficient to satisfy the accuracy requirement of a valid guilty plea despite its failure to establish the statutory venue requirement set forth in Minnesota Statutes section 627.01, which provides that "every criminal cause shall be tried in the county where the offense was committed."

The validity of a guilty plea is a question of law that we review de novo. *State v. Schwartz*, 957 N.W.2d 414, 418 (Minn. 2021). There is no absolute right to withdraw a valid guilty plea. *Id.* But if "withdrawal is necessary to correct a manifest injustice," a

---

[4]    Paulson also claimed the district court lacked jurisdiction over the kidnapping charge and improperly calculated his criminal history score. The court of appeals concluded that the district court had jurisdiction over the kidnapping charge, but that it miscalculated his criminal history score. *State v. Paulson*, No. A22-0632, 2023 WL 2637714, at *3–4, *11 (Minn. App. Mar. 27, 2023). Because Paulson did not seek review of the jurisdictional issue and the State did not seek review of the sentencing issue, these issues are not before us on appeal.

court must allow a defendant to withdraw a guilty plea. *Id.*; Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs when a district court accepts an invalid guilty plea, that is, a plea that is not accurate, voluntary, or intelligent. *Schwartz*, 957 N.W.2d at 418.

Paulson argues that the factual basis in his case is insufficient to satisfy the accuracy requirement of a valid plea. "Accuracy requires that the plea be supported by a proper factual basis, that there . . . be sufficient facts on the record to support a conclusion that [a] defendant's conduct falls within the charge to which he desires to plead guilty." *Id.* (citation omitted) (internal quotation marks omitted). The purpose of the accuracy requirement is to protect defendants from pleading guilty to charges more serious than they could be convicted of at trial. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). In other words, the accuracy requirement ensures that a defendant is, in fact, substantively culpable for the crime of conviction.[5]

---

[5] In a few of our decisions, we have framed the factual basis requirement as demanding "evidence that the defendant's conduct meets *all elements of the offense* to which he is pleading guilty." *See, e.g.*, *Bonnell v. State*, 984 N.W.2d 224, 227 (Minn. 2022) (emphasis added) (citing *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003) (stating that "[t]he factual basis of a plea is inadequate when the defendant makes statements that negate an essential element of the charged crime because such statements are inconsistent with a plea of guilty")). In both *Bonnell* and *Iverson*, the dispute was about whether a substantive element of the crime was established at the plea hearing. *Bonnell*, 984 N.W.2d at 228–29 (focusing on whether there was a sufficient factual basis that a killing occurred "while" committing an aggravated robbery to support a felony murder conviction); *Iverson*, 664 N.W.2d at 350 (holding that a defendant who pled guilty to violation of the predatory offender registration statute could argue on appeal that he did not meet a substantive element of the crime because he was experiencing homelessness). Because we determine that the statutory venue requirement in section 627.01 is not an element of the substantive crime, the variation in our framing of the accuracy question—as either a sufficient factual basis to support a conclusion that the defendant's conduct falls within the charge to which they desire to plead guilty or a sufficient factual basis that the defendant's conduct meets all the elements of the offense to which they are pleading guilty—makes no difference here.

Paulson pled guilty to kidnapping to facilitate a felony in violation of section 609.25, subdivision 1(2). The kidnapping statute provides:

> Whoever, for any of the following purposes, confines or removes from one place to another, any person without the person's consent or, if the person is under the age of 16 years, without the consent of the person's parents or other legal custodian, is guilty of kidnapping . . . :
>
> . . .
>
> (2) to facilitate commission of any felony . . . .

Minn. Stat. § 609.25, subd. 1(2). Under this statute, if Paulson's case had proceeded to trial, the State would have been required to prove beyond a reasonable doubt that Paulson (1) confined or removed S.W. from one place to another, (2) without the consent of S.W.'s mother, (3) to facilitate the commission of a felony, which, here, was a second-degree controlled substance crime under Minnesota Statutes section 152.022 (2024). On appeal, Paulson does not dispute that the factual basis in his case evinces that the State was prepared to present evidence to prove each of these elements beyond a reasonable doubt or that there was a substantial likelihood he would be convicted of the kidnapping offense at trial.

Instead, Paulson argues that the factual basis for his guilty plea failed to establish the requirements of Minnesota Statutes section 627.01. That statute provides:

> Subdivision 1. **Place of trial.** Except as otherwise provided by rule 24 of the Rules of Criminal Procedure, every criminal cause shall be tried in the county where the offense was committed. The defendant shall be entitled to one change of venue only except in cases involving potential prejudicial publicity in accordance with rule 25.02, subdivision 5, of the Rules of Criminal Procedure.

Subdivision 2. **County where the offense was committed.** "County where the offense was committed" means any county where any element of the offense was committed or any county where the property involved in an offense is or has been located or where the services involved in an offense were provided.

Minn. Stat. § 627.01.[6] Although the State agrees that the factual basis in this case fails to establish the requirements of section 627.01, it argues this deficiency does not make the plea inaccurate because the statutory venue requirement is not an element of the offense of kidnapping to facilitate a second-degree controlled substance crime.

We turn to the narrow but important question before us: Is the statutory right under section 627.01 to insist that a criminal trial be held in the county where the crime was committed an element of the offense? We have never answered this question.

Our analysis is informed by two well-established principles that govern the elements of an offense. First, the Due Process Clause requires the State to prove every element of a charged offense beyond a reasonable doubt in order to secure a conviction. *In re Winship*, 397 U.S. 358, 364 (1970); *State v. Peterson*, 673 N.W.2d 482, 486 (Minn. 2004). Second, when a judgment of conviction is reversed because the State failed to prove one of the elements of an offense beyond a reasonable doubt, the Double Jeopardy Clause precludes retrial and the only just remedy is entry of a judgment of acquittal. *Burks v. United States*, 437 U.S. 1, 16–18 (1978); *State v. Clark*, 755 N.W.2d 241, 256 (Minn. 2008).

---

[6]     Neither party argued before us that any exception to this venue requirement as set forth in Minnesota Rule of Criminal Procedure 24 applies; we therefore assume for purposes of this appeal that there is no applicable exception under the rule.

With regard to the first principle, we recently observed that we have never resolved whether the State must prove proper venue beyond a reasonable doubt or by a preponderance of the evidence.[7]  *State v. Johnson*, 995 N.W.2d 155, 161 (Minn. 2023). That observation supports our conclusion that we have never previously held that the statutory venue requirement is an element of the offense.  Had we so held, the burden of proof issue would not remain an open question since the proof-beyond-a-reasonable-doubt standard would necessarily apply under *Winship* and *Peterson*.  Instead, the question of whether the statutory venue requirement is an element of a charged offense has remained open until this case.

As for the second principle, the United States Supreme Court recently held that the Double Jeopardy Clause does not bar retrial when the government violates the Venue and Vicinage Clauses of the United States Constitution because such violations do not negate a defendant's criminal culpability.  *Smith v. United States*, 599 U.S. 236, 253–54 (2023). The Supreme Court's analysis in *Smith* supports a conclusion that venue is not an element of an offense because, if it were, retrial would necessarily be barred under the *Burks* and *Clark* decisions concerning when the Double Jeopardy Clause applies.

---

[7]    In *State v. Johnson*, we recognized that in previous cases we had assumed without deciding that the reasonable doubt standard applies.  995 N.W.2d 155, 161 n.4 (Minn. 2023) (citing *State v. Carignan*, 272 N.W.2d 748, 749 (Minn. 1978) (concluding that evidence was sufficient to establish venue); *State v. Heidelberg*, 12 N.W.2d 781, 782 (Minn. 1944) (concluding that the State had proven venue beyond a reasonable doubt); *State v. New*, 22 Minn. 76, 78–79 (1875) (noting that the defendant argued for a jury instruction that included a "beyond a reasonable doubt" burden for venue and concluding that the State proved venue)).  We concluded that none of those cases constituted a holding that the State must prove that the venue statute was satisfied beyond a reasonable doubt.

We now hold that the statutory venue requirement set forth in Minnesota Statutes section 627.01 is not an element of an offense. *See United States v. Miller*, 111 F.3d 747, 749 (10th Cir. 1997) (stating that courts have "treated venue differently from other, 'substantive' elements of a charged offense"). This is so because a violation of the statutory venue requirement does not negate a defendant's criminal culpability. This fact is particularly relevant in the context of a plea withdrawal request because the purpose of the accuracy requirement for a valid guilty plea is to ensure that the defendant is in fact substantively culpable for the crime of conviction. Put differently, a failure to establish venue as part of the factual basis does not make the plea inaccurate because a violation of the statutory venue requirement does not negate the defendant's criminal culpability.[8]

Paulson raises a handful of our prior decisions that he claims compel a contrary holding. He first cites *State v. Giller*, 165 N.W. 132 (Minn. 1917), for the proposition that when the government does not produce sufficient evidence to prove venue a defendant's conviction must be reversed because venue is an essential "element" of the substantive offense. Paulson's reliance on *Giller* is misplaced.

In *Giller*, the State charged the defendant with violating a state law criminalizing the possession or shipment of contraband fish in violation of Minnesota General Statutes

---

[8]     In an analogous context, we addressed a child's claim that he was 15 years old when he allegedly committed first-degree murder and so was a "delinquent child" subject to the jurisdiction of the juvenile court under Minnesota Statutes sections 260B.101, subdivisions 1, 2 (2024), and 260B.007, subdivision 6(b) (2024). *State v. Ali*, 806 N.W.2d 45 (Minn. 2011). We rejected the argument that proof of the child's age was an element of the substantive offense of first-degree murder because it was a "separate issue from that of guilt or innocence." *Id.* at 52.

section 4906.[9]  *Id.* at 132.  The facts showed that Giller was engaged in the business of buying and selling frozen fish in Polk County.  *Id.*  A customer in St. Louis County ordered three boxes of fish from Giller.  *Id.*  In Polk County, he consigned the fish to the Great Northern Express Company for delivery to the customer.  *Id.*  The shipment of fish was intercepted en route by a game warden in Itasca County, who discovered that some of the fish were under the size and weight requirements set forth by statute.  *Id.*  Giller was charged in Itasca County with possession of the fish in Itasca County and convicted at trial. *Id.*  At the conclusion of the trial, Giller moved to dismiss the Itasca County prosecution on the ground that "no offense was shown to have been committed in Itasca County, and that therefore the court was without jurisdiction."  *Id.*  The district court denied Giller's motion and Giller appealed.  *Id.*

On appeal, we reversed the district court's order.  *Id.* at 133.  Our decision largely focused on the statutory interpretation question of whether Giller retained possession of the fish even after he delivered them to the carrier for shipment to St. Louis County.  *Id.*

---

[9]       Minnesota General Statutes 1913, section 4906, provided that:

> Any person who takes, catches, or kills, has in possession, or has in possession with intent to sell, sells, offers or exposes for sale, ships by common carrier, conveys or causes to be conveyed, has in possession with intent to so ship or convey to any point either within or without this state, any game bird or fish, or any part thereof, in violation of any of the provisions of this chapter, or any common carrier or agent thereof who aids or abets any person in shipping such game birds or fish, or has the same in possession with intent to ship or convey, to any point either within or without this state, contrary to any of the provisions of this chapter, shall be guilty of a misdemeanor. . . .

Minn. Gen. Stat. ch. 32, § 4906 (1913).

The State recognized that delivering fish to the carrier would ordinarily constitute surrender of the fish to the carrier as an agent of the buyer in St. Louis County, but argued that the contraband nature of the fish meant that ownership and constructive possession remained with Giller, thereby subjecting him to prosecution in every county into and through which the shipment might pass in transit. *Id.* We rejected the State's argument, explaining in part that "[i]t seems clear that the Legislature did not intend the statute" to give a game warden the "power to fix and determine the venue or place of prosecution in such cases, by seizing the unlawful shipment and instituting a prosecution in a county through which it might pass to destination most suited to his convenience." *Id.* And because we concluded that "there is in the statute no provision making a shipment of contraband game an offense in every county through which it may pass" and it was undisputed that the fish were delivered to the carrier in Polk County, we concluded that Giller's statutory right to be tried in the county where he actually possessed the fish had been violated. *Id.*

Importantly, we did not hold that the statutory venue right was an element of the substantive crime or make any statements suggesting that Giller could not be retried in Polk County. Instead, we simply reversed the district court's order denying Giller's motion to dismiss the Itasca County prosecution. Our analysis was interpreting the scope of the statute establishing the offense and forum shopping by game wardens. We therefore conclude that our analysis in *Giller* did not hold that venue is an essential element of an offense such that a defendant's conviction must be reversed when the government fails to produce sufficient evidence to prove venue.

13

Paulson also asserts that in *State v. Heidelberg* we upheld the defendant's conviction because the State produced evidence proving the offense was committed in the county of trial beyond a reasonable doubt. 12 N.W.2d 781 (Minn. 1944). In *Heidelberg*, the defendant argued that he fully completed the offense of embezzlement in Anoka County and therefore his statutory venue right was violated when he was prosecuted in Hennepin County. *Id.* at 781–82. Concluding that the record contained evidence from which "the jury might well conclude beyond a reasonable doubt that defendant entertained an intent in Hennepin County to embezzle the funds," we affirmed the defendant's conviction. *Id.* at 782. Because we did not address—nor need to address—whether the statutory venue right was an element of the offense, *Heidelberg* does not support the proposition that when the government fails to produce sufficient evidence to prove venue, the defendant's conviction must be reversed on the ground that venue is an essential "element" of the offense. Similarly, in *State v. Timmens*, 4 Minn. 325 (1860), we held that the fact that the crime occurred on a boat travelling along a portion of the Minnesota River that formed the boundary of Hennepin County was sufficient to establish proper venue in Hennepin County. *Id.* at 330–31. We did not address—nor need to address—whether the statutory venue right was an *element* of the offense.[10]

---

[10]    Our holding today does not render the statutory venue requirement in section 627.01 meaningless. A defendant may assert the statutory venue right by pre-trial motion. *See* Minn. R. Crim. P. 11.02. Indeed, in this case, Paulson filed a pre-trial motion to dismiss the initial charges of first-degree criminal sexual conduct and second-degree criminal sexual conduct based on his statutory venue right. The motion was denied. Paulson did not make a similar pre-trial motion to dismiss after the kidnapping charge was added. Rather, he pled guilty to the single kidnapping charge. Based on the procedural posture of

Paulson admits that the facts presented at his guilty plea hearing establish that, if he had proceeded to trial, the State was prepared to present evidence to prove beyond a reasonable doubt that he (1) confined or removed S.W. from one place to another, (2) without the consent of S.W.'s mother, (3) to facilitate the commission of the felony of second-degree controlled substance crime under Minnesota Statutes section 152.022. These elements, set forth in the statute establishing the crime of kidnapping to facilitate a felony, are the elements of the offense. This factual basis adequately establishes that Paulson was substantively culpable for the crime of kidnapping to facilitate a felony—here, to facilitate a second-degree controlled substance offense—in violation of Minnesota Statutes section 609.25, subdivision 1(2). Because the statutory venue requirement is not an element of the offense, the court of appeals correctly concluded that the factual basis in this case satisfied the accuracy requirement of a valid guilty plea.

**CONCLUSION**

For the foregoing reasons, we affirm the decision of the court of appeals.

---

the case, we need not decide the circumstances under which a defendant may assert statutory venue rights after trial has begun.

We further note that the Vicinage Clause in Article I, Section 6 of the Minnesota Constitution is not implicated here. That clause states that the accused in a criminal prosecution has "the right to a speedy and public trial by an impartial jury of *the county or district wherein the crime shall have been committed*, which county or district shall have been previously ascertained by law." Minn. Const. art. I, § 6 (emphasis added). The Vicinage Clause concerns the geographic area from which a jury may be drawn, and it is not "violated until a jury from a county other than the one in which the alleged offense occurred [i]s impaneled to adjudicate the case . . . ." *State v. Fitch*, 884 N.W.2d 367, 374 (Minn. 2016) (holding, among other things, that the defendant waived his vicinage right when he moved to change venue before trial). Paulson entered his guilty plea before the court impaneled a jury.

15

Affirmed.


HENNESY and GAÏTAS, JJ., not having been members of this court at the time of submission, took no part in the consideration or decision of this case.